CHRISTOPHER E. PANETTA (Bar No. 175127)
EVAN J. ALLEN (Bar No. 310617)
FENTON & KELLER
2801 Monterey-Salinas Highway
Post Office Box 791
Monterey, California 93942
Telephone: (831) 373-1241
Facsimile: (831) 373-7219
CPanetta@FentonKeller.com
EAllen@FentonKeller.com

Attorneys for Defendant COUNTY OF MONTEREY


KAREN E. FORD Esq.
SW Ocean Ave & Mission, Suite 208
P.O. Box 287
Carmel-by-the-Sea, California 93921-0287
831-250-6433
Fax 831-250-6844
karen@fordslaw.com
SBN 88358

Attorney for Plaintiff JACQUELINE ZHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE ZHANG,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF MONTEREY, MONTEREY COUNTY RESOURCE MANAGEMENT AGENCY, and MONTEREY COUNTY PARKS DEPARTMENT,<br><br>    Defendants. | Case No. 5:17-CV-00007 LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    May 20, 2020<br>Time:    1:30 pm |

Plaintiff, JACQUELINE ZHANG, an individual, and Defendant COUNTY OF MONTEREY, (also named as MONTERY COUNTY RESOURCE MANAGEMENT AGENCY, and MONTEREY COUNTY PARKS DEPARTMENT (hereafter "Defendant" or "County"), a

FENTON & KELLER
ATTORNEYS AT LAW
MONTEREY

{EJA-00988832;1}

JOINT CASE MANAGEMENT
STATEMENT 5:17-CV-00007 LHK

public entity, jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Order of this Court of April 13, 2020 and Civil Local Rule 16-10(d).

### 1. Jurisdiction & Service

This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343(a)(4), and 42 USC §§ 1983 and 1988. This Court may exercise supplemental jurisdiction over the state law claims including, without limitation, the Petition for Writ of Mandate, pursuant to 28 USC § 1367. There is no dispute as to the jurisdiction of this Court.

### 2. Facts

**Undisputed facts:**

Plaintiff Zhang is a former employee of the County. She was employed as an accountant in the position of Finance Manager I.

The hiring letter from the County, dated September 9, 2015, stated that she would serve a probationary period of one year. She initially reported to Mark Mariscal, who was the Department Head of the Parks Department and was an Appointing Authority within the County. On or about July 15, 2016 she received a performance review from Mariscal. On the review form, Mariscal checked the boxes for both "8 Month Probationary" and "Annual" for "Type of Appraisal." He did not check the box for "Retention/ Permanent Status." In the body of the comments, Mariscal stated that Zhang "easily passes her probation." Zhang received a step increase in connection with this performance appraisal.

In August 2016, there was a reorganization within the County. The Parks department became part of the Resource Management Agency ("RMA"). On October 4, 2016, Zhang was called into a meeting with her supervisor, Shawne Ellerbee ("Ellerbee"). Ellerbee gave her a performance review that was unfavorable. Ellerbee also gave her notice that she was being released from employment due to unsuccessful completion of probation. This notice was the first notification that Zhang received that her employment was to be terminated.

Zhang asserts she requested a hearing but was denied because she was deemed to be a probationary employee. If she had been treated as a regular employee who had successfully completed probation she would have been entitled to a hearing. Zhang also asserts that the

reasons proffered for her termination were false and that there was not sufficient justification for the termination of her employment. She also contends that she was denied the procedural and substantive protections provided to even probationary employees.

**Plaintiff's Statement of Supplemental Facts**:

Plaintiff Zhang is a highly-qualified accountant who is licensed as CPA in California, holds an MBA, and has years of practical experience. When she was hired by the County she was hired away from a high level management position as head of finance with an international corporation in Los Angeles. She had to make arrangements to leave that position without disadvantaging her former employer and to move from Los Angeles to Monterey. As a result of these concerns her exact start date was changed over time. She was asked by her future manager with the County to start as soon as possible and the agreed start date was initially set for mid-September. The offer letter of September 9, 2015, on which the County relies, stated that her "tentative" start date would be October 5, 2015. The moving back of the start date and the fact that it was tentative was to allow her additional time to move. Ultimately, in accordance with the requests of her future manager, she started on October 1, 2015. On that date, at the request of her manager, Mr. Mariscal, she attended a County meeting and met with key managers. Her first payroll period began on October 3, 2015. On the weekend of October 3 and 4 she reviewed the Parks budget and the financial statements of the County, and visited two of the County Parks and meet with staff. The best evidence of when Zhang became an employee of the County is the payroll statement for her first payroll period. It shows her start date as October 3, 2015 not October 5, 2015.[1] Thus, the one year of probation ended at the latest as of October 3, 2016.

Zhang did complete certain initial HR documents in the week of October 5 and some of these on October 5. However, as managers with the County testified, it is not unusual for new employees to fill out these forms well after the actual start date of employment.

Zhang received excellent performance reviews throughout her employment and received

---

[1] Ms. Zhang was a salaried employee and so would not be entitled to any additional pay for hours worked on the weekend. She routinely worked on weekends during her employment and was compensated through her salary and did not receive any additional pay for work on weekends

{EJA-00988832;1}   - 3 -   JOINT CASE MANAGEMENT STATEMENT 5:17-CV-00007 LHK

FENTON & KELLER
ATTORNEYS AT LAW
MONTEREY

praise for her excellent performance. The July 15, 2016 performance appraisal by Department Head Mark Mariscal was very complimentary and rated her highly. On the review form, Mariscal checked the boxes for both "8 Month Probationary" review and "Annual" (Final) review under the heading "Type of Appraisal". In the body of the comments Mariscal stated about Zhang "She easily passes her probation." He also checked the box next to the words "step increase". The July 15, 2016 performance review changed her probationary status to that of regular employee and stated that she had passed her probation. Employees receive an increase at the time of successfully completing probation. Zhang received the increase associated with successful completion of probation in July of 2015. She was a regular non-probationary employee from that point forward. This action was approved by the Assistant Chief Administrative Officer of the County who signed the July 15, 2016 performance appraisal.

After the August 2016 organizational changes Carl Holm, the RMA Department Head was the only appointing authority within RMA. Ellerbee, Plaintiff's new supervisor, had been in a number of disagreements with the Auditor's office. Ellerbee began to discriminate against and harass Zhang due to her national origin and accent and due to the identity of her husband. She was excluded from meetings and social events and was unfairly criticized. However, Zhang did her best to perform her job well. Zhang was given no formal counselling, warnings or other disciplinary actions.

Ellerbee has a very poor relationship with the Auditor-Controller's Office and was not well respected by them. The County Auditor-Controller is responsible for how the accounting is done by the County. Issues discovered by and reported to the Auditor-Controller in the RMA have resulted in several recent investigations and audits, using internal and external auditors/investigators. Ellerbee told Zhang not to communicate with the Auditor's office and that she was not to do things in the manner required by the Auditor's office. Ellerbee criticized Zhang's work unfairly and otherwise discriminated against her and harassed her. Among other things, she had a problem with Zhang's accent and use of English. Zhang's English is excellent and she did not work with the public so her accent should not have been a problem. It was not a problem before Ellerbee became her supervisor.

Suddenly at the close of business on October 4, 2016 Zhang was called into a meeting with Ellerbee who gave her a very unfavorable performance review which contained false and inappropriate criticisms. Zhang can prove that the specific criticisms related to financial transactions are not only unfounded, they reflect Ellerbee violating County policy for handing transactions. Then, Ellerbee gave her a notice that her employment was being terminated due to failure to complete probation. The notice said she was terminated effective at 5:00 PM on October 4, 2016. The notice was given to her after 5:00 PM on October 4, 2016. Zhang has never been allowed to return to work.

The decision by Ellerbee was later confirmed by John Guertin, a temporary RMA manager. Ellerbee was not an Appointing Authority for the County entitled to make termination decisions and the Notice was not signed by an appropriate person. Her position is not eligible to ever be the Appointing Authority for the RMA. Guertin was not Ellerbee's manager nor an authorized RMA Appointing Authority. He was a temporary employee and not allowed to discipline employees pursuant to a Board of Supervisor's Order.

The issues raised in the October 4, 2016 performance evaluation by Ellerbee are false and without merit. She also made reference to her disapproval of Zhang's accent. In the written evaluation it states Ellerbee had to ask Zhang for "clarification…multiple times." Some of the complaints Ellerbee describes have to do with her personal differences with the procedures normally used by the Auditor's Department and her objections to the way the Parks department had always handled certain transactions. She also complained about Zhang's e-mails but provided no specific e-mail that was a problem. She did not say that there was anything wrong with the content of the e-mails but only that the "tone" was "curt". No other employee of the County has been terminated without notice for such a trivial complaint. Zhang was not given a chance to respond to the statements in the evaluation during the meeting on October 4, 2016.

Zhang requested a hearing on multiple occasions and from a number of different people and offices within the County. She was always denied on the grounds that she was a probationary employee. Zhang has followed the County's internal processes to complain about the termination as a breach of contract, violation of statutes and procedures, and as unlawful discrimination. Her

claims were denied. She requested a hearing concerning her termination and it was denied on the grounds that she was a probationary employee. Zhang filed charges of discrimination with both the EEOC and the DFEH and has received right to sue letters from each.

Zhang alleges various acts by Defendants in violation of applicable statutes, regulations, policies and procedures including, without limitation, the following:

Zhang was denied her rights as a regular County employee. Regular employees may only be terminated for just cause and have rights to progressive discipline, advance notice of the intent to terminate and, and pre-termination hearing. However, Zhang received none of these rights.

Zhang was improperly denied her rightful status as a regular employee. Her probation was documented as successfully completed as of July 15, 2016. Even if probation were not terminated in July, the termination of her employment took place well over a year after she started work. She started on October 1, 2015 and the end of a year of probation would have been September 30, 2016. Even if October 5, 2015 were treated as her start date, she was terminated after close of business on the 366th day.[2] She had already completed her probation by any interpretation of the facts.

Zhang was not given any advance notice of the termination. Even as a probationary employee her rights were violated. Regular and probationary employees are entitled, under applicable statutes and regulations, to five days advance notice prior to termination of employment and the right to protest the decision prior to implementation. No advance notice at all was given to Zhang. In fact, she was not told about the termination until after 5:00 PM on October 4, 2016 and so the Notice was actually retroactive.

The Termination Notice was not in accordance with requirements. The notice lacked the signature of the HR Director and County Counsel. Pursuant to County policies and procedures both are required prior to terminating a probationary employee.

Despite repeated requests Zhang was denied a due process hearing both before the termination was made final and after the termination. Ellerbee and Guertin were not "appointing

---

[2] The year 2016 was a leap year and so the 365th day after October 5, 2015 would have been October 3, 2016 not October 4, 2016.

{EJA-00988832;1}　　　　　- 6 -　　　　JOINT CASE MANAGEMENT STATEMENT 5:17-CV-00007 LHK

FENTON & KELLER
ATTORNEYS AT LAW
MONTEREY

authorities' and were not authorized to terminate Zhang's employment. Those serving in a temporary or acting position may not terminate employees. Ellerbee can't be an appointing Authority because pursuant to Board Order in July of 2016 there was only one appointing authority in the RMA and it was Holm. Guertin was in his position in a temporary or acting status.

**Defendant's Statement of Supplemental Facts:**

Zhang's offer letter notified Zhang that she would serve a probationary period of one year, with a tentative start date of October 5, 2015. On October 5, 2015, Zhang met with County staff from human resources and completed various onboarding documents that are completed by all newly appointed probationary employees. By August 2016, Ellerbee became concerned that Zhang was not performing at the level of a Finance Manager, but appeared more comfortable with simple accounting tasks. Ellerbee also received complaints from both County employees and third parties that Zhang failed to return calls, failed to respond to appropriate inquiries, and did not appear to have basic government accounting skills. County employees and others also complained that Zhang was rude and disrespectful in her communication. Ellerbee counseled Zhang about her performance and documented the concerns in various e-mails in August and September 2016. By mid-September, Ellerbee was sufficiently concerned with Zhang's performance that she consulted with human resources for assistance and support. Ellerbee prepared a narrative about her concerns, supported by the myriad complaints, counseling e-mails, and performance management documentation. After reviewing the materials, the decision was made to issue the second performance evaluation and release Zhang from her probationary position, in compliance with the County Personnel Policies and Practices Resolution and applicable law.

Zhang was afforded the opportunity to meet with Acting Deputy Director for the RMA, John Guertin on October 24, 2016. Prior to their meeting Zhang provided Guertin with a rebuttal to the October 4th performance appraisal. Having considered her written response and the information she provided, Guertin agreed with Ellerbee's evaluation and approved the performance appraisal on October 27, 2016. However, Guertin held off on providing a written

response, while Zhang engaged in continued discussions under the auspices of the County's Equal Opportunity Office. Guertin provided his written response on November 28, 2016 indicating he was in agreement with the rating provided in the performance evaluation.

**Procedural History:**

Zhang originally filed the present action against the County on January 3, 2017. Zhang's complaint asserted the following eight causes of action against the County: (1) discrimination on the basis of race and national original in violation of Title VII, 42 U.S.C. § 2000e et seq.; (2) discrimination on the basis of marital status, race, and national origin in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 et seq.; (3) discrimination on the basis of race in violation of 42 U.S.C. § 1981; (4) deprivation of a property interest without due process of law in violation of the Fourteenth Amendment of the United States Constitution (pursuant to 42 U.S.C. § 1983); (5) deprivation of a liberty interest without due process of law in violation of the Fourteenth Amendment of the United States Constitution (pursuant to 42 U.S.C. § 1983); (6) deprivation of a property interest without due process of law and employment discrimination on the basis of race and national origin in violation of the California Constitution; (7) writ of mandate under California Code of Civil Procedure ("CCP") § 1085; and (8) writ of mandate under CCP § 1094.5. The County moved for summary judgment as to all causes of action on February 15, 2018. On April 24, 2018, this Court dismissed all of Zhang's claims except the seventh cause of action for writ of mandate under CCP § 1085. As to that claim, this Court declined to exercise supplemental jurisdiction and dismissed that claim without prejudice. Zhang appealed. On February 10, 2020, the Ninth Circuit Court of Appeals affirmed this Court's judgment in part and reversed in part. Specifically, the 9th Circuit affirmed the dismissal of Zhang's claims for discrimination based on race, national origin, and marital status, as well as her liberty interest claim and her petition for writ of administrative mandate under CCP § 1094.5 and reversed this Court's judgment as to Zhang's procedural due process claims brought under 42 U.S.C. § 1983 and the California Constitution, and the petition for writ of mandate under CCP § 1085. As for the claims which were reversed, the Court held that there were "triable issues of fact on whether [Zhang] was deprived of a protected property

interest in her continued employment," and remanded to this Court for further proceedings. The Court expressly held, as the basis for its decision to remand, "Zhang raised genuine issues of fact material to whether she was a permanent employee ... when she was terminated". Dkt 42-1 page 2

**3. Legal Issues**

Plaintiff Zhang states a claim for denial of due process in violation of the Fourteenth Amendment brought pursuant to 42 USC § 1983 and pursuant to the California Constitution. She further alleges that she was denied her rights under applicable statutes, regulations policies and procedures. This included the fact that she was entitled to advance notice of the intent to terminate her employment. See Cal. Gov. Code § 19173; 2 CCR § 52.6; Monterey County Personnel Policies and Procedures D2 (five days advance notice) and D1 (probationary employees must be given notice of an adverse employment action and an opportunity to discuss with management "prior to its effective date"); *Skelly v State Personnel Board,* 15 Cal 3rd 194 (1975).

Plaintiff Zhang has also stated a claim for writ of mandate pursuant to CCP 1085. Ms. Zhang contends that she is entitled to a writ of mandate ordering reinstatement and damages because the County failed to follow applicable statutes, regulations, policies and procedures. Zhang asserts that these include statutes, regulations and policies that apply to probationary employees as well as regular employees.

The County disputes Zhang's contentions and asserts that it acted consistently with all statutes, regulations, policies, or procedures that apply to probationary employees as well as regular employees.

Zhang contends that as part of the ruling on summary judgment this Court acknowledged that Zhang stated a valid claim under CCP 1085 even if she were only a probationary employee.[3] See Oder dkt 72 p. 41 ll 2-6. This Court stated that Zhang's claim for writ of mandate as a probationary employee, pursuant to CCP 1085 raised a novel and complex issue of state, and

---

[3] Of course, given the ruling of the Ninth Circuit, Zhang may not be presumed to have been a probationary employee. That is an issue for the jury and at this stage Zhang is entitled to raise claims presuming her standing as a regular employee also.

declined to exercise supplemental jurisdiction over the sole remaining state law claim. In remanding this matter, the 9th Circuit did not uphold the dismissal and, instead, instructed this Court to once again consider this exercise of discretion.

Zhang requests that this Court try the CCP 1085 Writ claim as there is no longer any efficiency to be realized because all the facts and events will have to be tried in any event. Zhang contends that one cornerstone of the original ruling by this Court declining jurisdiction was the presumption that she was a probationary employee. Zhang contends further that she may not, at this stage, be presumed to have been a probationary employee as opposed to a regular employee.[4] Moreover, there are statutes and County procedures on which both parties have relied as controlling that guarantee Zhang her rights as outlined in the claim. See e.g. Cal Govt Code § 19574. This Court in its ruling in 2018 declining jurisdiction noted that the County's own policies concerning employees were enacted through a resolution passed by the Board of Supervisors. Zhang contends this is a normal procedure for enacting county regulations and is not a basis to deprive Plaintiff Zhang of her rights. Zhang contends that the County's personnel policies as controlling the rights here and are controlling concerning Plaintiff Zhang's former employment. This Court should not dismiss this claim without permitting further briefing on the issue of pendent jurisdiction and should not dismiss the claim on the presumption that Zhang was a probationary employee as that is currently, at least, an open question.

The County asserts that Zhang was a probationary employee at the time of her release and that as a probationary employee, Zhang did not enjoy the additional procedural protections afforded permanent employees and was not entitled to a hearing either before or after her termination. The County further asserts that the notice of probationary release was adequate to meet due process requirements. Zhang disputes this particularly in light of the applicable statutes and policies.

/ / /

---

[4] In dicta in the Order of April 24, 2018 Dkt 72 at p 39-41 this Court discussed whether or not her rights as a probationary employee were part of required procedures, The entire set of policies on which both parties have relied were enacted as part of a resolution by the County supervisors. Moreover, there are also statutes which address the issue of the required written notice. See e.g. Cal Govt Code § 19574.

FENTON & KELLER
ATTORNEYS AT LAW
MONTEREY

**4. Motions**

Both parties anticipate motions in limine and other possible pretrial motions.

**5. Amendment of Pleadings**

None.

**6. Evidence Preservation**

Both parties have reviewed the ESI Guidelines and have taken appropriate steps to preserve any electronic information.

**7. Disclosures**

The parties have served initial disclosures, including identifying potential witnesses and relevant documents, and providing evidence of insurance.

**8. Discovery**

**Plaintiff's statement re Discovery**:

Discovery closed in January 2017. At the time summary judgment was granted there were a few issues raised prior to the close of discovery that remained unresolved which include claims of attorney client privilege, the privilege log and disclosure of work product and related documents concerning Zhang's work. In addition, there have been highly relevant events which occurred in the intervening time as to which discovery should be updated and supplemented. These include, but are not limited to, the following. Ms. Zhang is informed and believes that the manager who terminated Zhang, Shawne Ellerbee, was herself subjected to disciplinary action and, was terminated or threatened with termination. Ms. Zhang believes that this was due to incompetence and other issues directly related to the issues to be tried here. Zhang should be entitled to an updating of discovery disclosures with respect to Ellerbee. In addition, there have been over two years of additional wage loss and other damages. The parties should be permitted to obtain additional discovery and disclosures on such intervening events. Ms. Zhang believes that discovery should be permitted only to allow resolution of issues which arose prior to the close of discovery and concerning events after the close of discovery.

However, Plaintiff does not agree that a full reopening of discovery is appropriate. Particularly the depositions which the County decided to forgo prior to the January 2018

discovery deadline should not be permitted now. Discovery closed years ago and the Plaintiff should not be put to the burden and expense of restating full discovery going on for months as if the case was only recently filed. Any further discovery should be limited to updating existing discovery as appropriate and discovery concerning events which occurred after the closed of discovery in January 19, 2018.

The individuals whom Defendants now ask to depose were well known to it in 2017 and 2018. Gary Giboney, Michael Miller, Ron Holly and Patsy Gerard were all disclosed, along with summaries of their anticipated evidence, in Plaintiff's initial disclosures served April 10, 2017. Contrary to the inaccurate assertions below these witnesses were disclosed as witnesses to the "policies and procedures" of the County and their application to this case. The disclosed subjects of testimony also included the job performance of Plaintiff, Ellerbee, Guertin and other witnesses for the County. The disclosures were not limited to accounting subjects. Moreover, with the exception of Mr. Holly who was an outside auditor for the County, all were employees and officers of the County in 2017 and 2018. All were available to the County at all times. Discovery did not close until January 18, 2018. Defendants had at least 10 months after disclosure to take these depositions and chose not to do so. There is no justification for reopening discovery to permit discovery Defendants chose not to do in trial preparation in 2017 and 2018. Any reopening of fact discovery should be limited to events arising after the January 2018 close of discovery. To permit Defendants to start over as if the case had just been filed is to subject Plaintiff to the burdens and expense of double discovery in the same case. Such burdens would be unfair and unjustified. This case has been pending for well over three years and needs to move forward to pretrial and trial.

The County now, suddenly, seeks to add a new witness, Kim Moore. The County disclosed potential witnesses in two disclosures on April 12 2017 and June 27, 2017. The suggested new witness, was never disclosed during the original discovery and this new witness should not be permitted now. Moreover, she had no direct involvement in the decisions concerning Ms. Zhang. The County should not be permitted to add fact witnesses at this stage.

The County argues below that one county policy concerning changes in status does not specifically list probationary periods. This cherry picking of the language of one policy is disingenuous. Moreover the section in question is headed "Effective Date of Personnel Actions" and not limited to certain personnel actions. The list is a list of examples only not a limitation. The witnesses all testified that the effective date of a hiring also takes effect as of the start of a payroll period. The County cites no policy suggesting that this is not correct and presented no witnesses suggesting that this is not correct. The date of hire is when the initial payroll period starts particularly for a salaried employee. As the witnesses testified, without contradiction, making the start date of employment a date other than the beginning of a payroll period requires the specific written approval of the County Auditor (in this case Michael Miller). No such written permission to vary the start date to be other than a beginning of a payroll period was given here.

Ms. Zhang agrees with County that there should be a new deadline set for designation of experts. No experts were identified by either party in the initial pretrial process.

**Defendant's Statement re Discovery**:

As a preliminary matter, Shawne Ellerbee was never discharged and remains an employee of the County. As such, Zhang's request to conduct further discovery related to Ms. Ellerbee and her qualifications is unnecessary.

The County propounded two sets of document production requests and one set of specially prepared interrogatories. The County also took Zhang's deposition on November 10, 2017. Fact discovery closed on January 18, 2018. In her papers filed in March 2018, opposing The County's motion for summary judgment, Zhang contended that she was no longer a probationary employee on October 4, 2016, in part, because her appointment began on October 3, 2015, which was the start of her first pay period with the County. In support of this contention, Zhang cited Section A.5.6 of the County's Personnel Policies, which provides: "[p]romotions, demotions, reclassification, transfers, changes in normal hours worked, additional or deletion of pay differentials and changes in status shall be made effective only at the beginning of a pay period unless the County Auditor-Controller, after receiving a statement of necessity from the appointing authority, approved another effective date." This Court accurately noted that this

policy, by its own terms, does not designate the start of an initial probationary period. However, in reversing this Court's decision regarding Zhang's status as a probationary employee, the 9th Circuit relied heavily on the declarations of Zhang's husband, Gary Giboney, Ron Holly, Michael J. Miller, and Patsy Girard to support Zhang's contention that this policy applies to initial probationary appointments.

Given that each of these individuals held accounting and finance related positions with the County, and Zhang had not disclosed these individuals as having human resources-related knowledge prior to Zhang's presentment of their declarations, the County had no reason to investigate the understanding and authority these individuals held with respect to application of human relations oriented polices. As the proper calculation of Zhang's start date is a critical issue, in order to ensure fair and proper adjudication of this case, the County must be afforded an opportunity to investigate the foundation of Zhang's witnesses' declarations and respond to the inaccurate information presented by them. Accordingly, the County intends to take the depositions of Gary Giboney, Ron Holly, Michael J. Miller, and Patsy Girard, and further intends to introduce the testimony of County employee, Kim Moore. Ms. Moore has knowledge concerning the County's practices that is in direct response to the information presented to the Court in the declarations of Zhang's witnesses.

**Electronic discovery**:

As to electronic discovery, Zhang has sent e-mails to counsel for the County concerning the types of electronic records she anticipates will be involved in the case and her preference for the format in which they would be produced. These issues have been resolved.

**Expert Discovery**:

Neither party disclosed expert witnesses to date. However, lay percipient witnesses can and were formerly anticipated to testify about normal accounting procedures, government accounting, and similar issues. Plaintiff Zhang requests that she be permitted to name experts prior to trial. The County has also proposed a new deadline for expert disclosures.

**9. Class Actions**

This is not a class action.

{EJA-00988832;1}   - 14 -   JOINT CASE MANAGEMENT STATEMENT 5:17-CV-00007 LHK

FENTON & KELLER
ATTORNEYS AT LAW
MONTEREY

## 10. Related Cases

There are no related cases.

## 11. Relief

Plaintiff Zhang seeks the following relief:

(1) Reinstatement to the same or similar position with the County of Monterey

(2) An award of pay in lieu of reinstatement if it is not possible to return her to work;

(3) Lost wages from the date of her termination, October 4, 2016 until the date of reinstatement (3 years and 8 months have accrued through the end of April 2020). Through April 30, 2020, the total is currently estimated to be $543,125. Ongoing lost wages are continuing to accumulate at the rate of approximately $13,675 per month;[5]

(4) Compensatory and general damages;

(5) Attorney's fees and costs.

The County denies that Plaintiff Zhang is entitled to any relief at all, and contends any claimed lost wages must be reduced by at least $6,920.00 per month to account for wages earned from her current position.

## 12. Settlement and ADR

The parties participated in a private mediation separate from the Court's ADR program on March 17, 2017. The parties engaged in further settlement discussions in May 2018. The matter has not settled. Plaintiff Zhang has recently approached the County to discuss settlement in the near future in hopes of possibly avoiding the costs and time of trial preparations and trial.

## 13. Consent to Magistrate Judge for All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* ____ YES __x__ NO

## 14. Other References

The case is not appropriate for these special proceedings.

---

[5] These figures are computed including salary and fringe benefits but do not include compensation for time off allocations or retirement. Plaintiff reserves the right to adjust these numbers based on discovery. In particular and without limitation there have been wage increases over the intervening years which will increase the lost wages. There may also have been benefit changes which will impact the lost compensation damages.

{EJA-00988832;1} - 15 - JOINT CASE MANAGEMENT STATEMENT 5:17-CV-00007 LHK

FENTON & KELLER
ATTORNEYS AT LAW
MONTEREY

**15. Narrowing of Issues**

The issues of race and national origin discrimination and marital status discrimination have been resolved and are no longer at issue. The current claims and issues relate to due process and the alleged failure to follow of procedures. One important issue in this case is whether Zhang was a probationary employee at the time of her termination on October 4, 2016. Another issue is whether her rights were violated even if she had been a probationary employee. The issues include whether the individuals who terminated her employment had the right under the applicable regulations and statutes to do so, whether she received due process, including mandatory notices, as either a probationary or a regular employee, and the remedy. There is no reason to bifurcate the trial.

**16. Expedited Trial Procedure**

The parties do not believe this case is appropriate for Expedited Trial Procedures.

**17. Scheduling**

Plaintiff Zhang proposes the following pretrial and trial deadlines:

| | |
|---|---|
| Close of non-expert discovery: | August 17, 2020 |
| Initial expert disclosures: | August 31, 2020 |
| Rebuttal expert disclosures: | September 28, 2020 |
| Close of expert discovery: | October 14, 2020 |
| Final pretrial conference: | October 29, 2020 at 1:30 PM |
| Trial: | November 10, 2020 |

The County proposes the following deadlines:

| | |
|---|---|
| Non-Expert Discovery cut off: | January 29, 2021 |
| Designation of Experts: | January 15, 2021 |
| Rebuttal Expert Designation: | February 5, 2021 |
| Close of Expert Discovery: | February 19, 2021 |
| Final Pretrial Conference: | May 20, 2021, at 1:30 p.m. |
| Trial: | June 7, 2021, 9:00 a.m. |

///

**18. Trial**

Jury trial. The County expects the trial to require 5 court days. Zhang believes that 5 court days will not be sufficient and proposes setting aside at least eight court days for trial.

**19. Disclosure of Non-party Interested Entities or Persons**

Plaintiff Zhang is not aware of any non-party interested party. Plaintiff Zhang has filed a Certificate to that effect. As a governmental entity the County is exempt from compliance with Civil Local Rule 3-15.

**20. Professional Conduct**

Attorneys for both parties have reviewed the Northern District of California's Guidelines for Professional Conduct.

**21. Other**

The parties are not aware of any other matters that the court needs to address at this time.

Dated: May 13, 2020      FORD & ASSOCIATES, LLC

By: */s/ Karen E. Ford*
Karen E. Ford, Esq.
Attorney for Plaintiff
JACQUELINE ZHANG

Dated: May 13, 2020      FENTON & KELLER, PC

By: */s/ Christopher E. Panetta*
Christopher E. Panetta, Esq.
Evan J. Allen, Esq.
Attorneys for Defendant
COUNTY OF MONTEREY