CHRISTOPHER E. PANETTA (Bar No. 175127)
EVAN J. ALLEN (Bar No. 310617)
FENTON & KELLER
2801 Monterey-Salinas Highway
Post Office Box 791
Monterey, California 93942
Telephone:     (831) 373-1241
Facsimile:     (831) 373-7219
CPanetta@FentonKeller.com
EAllen@FentonKeller.com

LESLIE J. GIRARD (Bar No. 98986)
County Counsel-Risk Manager
JANET L. HOLMES (Bar. No. 107639)
Deputy County Counsel
Office of the County Counsel
COUNTY OF MONTEREY
168 W. Alisal Street, Third Floor
Salinas, California 93901-2680
Telephone:     (831) 755-5045
Facsimile:     (831) 755-5283
Email: HolmesJL@co.monterey.ca.us

Attorneys for Defendant
COUNTY OF MONTEREY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE ZHANG,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF MONTEREY,<br>MONTEREY COUNTY RESOURCE<br>MANAGEMENT AGENCY, and<br>MONTEREY COUNTY PARKS<br>DEPARTMENT,<br><br>    Defendants. | CASE NO.:  17-CV-00007-LHK<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTFF FROM INTRODUCING EVIDENCE RELATING TO DISMISSED CLAIMS**<br><br>Date of Filing:  January 3, 2017<br><br>Trial Date:   June 7, 2021 |

/ / /

/ / /

I.     **NOTICE OF MOTION**

TO PLAINTIFF JAQUELINE ZHANG AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on May 6, 2021 at 1:30 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 280 South 1st Street, Room 2112 San Jose, CA 95113, Defendant COUNTY OF MONTEREY, a California public entity (the "County"), will and hereby does move *in limine* for an order precluding Plaintiff from introducing evidence concerning to Plaintiff's dismissed claims or remedies related to those dismissed claims. This motion is based on the memorandums of points and authorities herein and on such oral and documentary evidence as may be presented at the hearing on this motion.

II.    **ARGUMENT**

**A. Plaintiff should be precluded from introducing evidence concerning Plaintiff's claims or remedies related to claims that were dismissed on summary judgment.**

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, waste of time, and jury confusion. Fed. R. Evid. 403.

In her Complaint, Plaintiff alleged the following eight claims for relief against the County: (1) discrimination on the basis of race and national original in violation of Title VII, 42 U.S.C. § 2000e et seq.; (2) discrimination on the basis of marital status, race, and national origin in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 et seq.; (3) discrimination on the basis of race in violation of 42 U.S.C. § 1981; (4) deprivation of a property interest without due process of law in violation of the Fourteenth Amendment of the United States Constitution (pursuant to 42 U.S.C. § 1983); (5) deprivation of a liberty interest without due process of law in violation of the Fourteenth Amendment of the United States Constitution (pursuant to 42 U.S.C. § 1983); (6) deprivation of a property interest without due process of law and employment discrimination on the basis of race and national

origin in violation of the California Constitution; (7) writ of mandate under California Code of Civil Procedure ("CCP") § 1085; and (8) writ of mandate under California Code of Civil Procedure § 1094.5.

The County moved for summary judgment as to all causes of action on February 15, 2018. On April 24, 2018, this Court dismissed all of Plaintiff's claims except the seventh claim for writ of mandate under CCP § 1085.  As to that claim, this Court declined to exercise supplemental jurisdiction and dismissed that claim without prejudice.  Plaintiff appealed.  On February 10, 2020, the Ninth Circuit Court of Appeals affirmed this Court's judgment in part and reversed in part.  Specifically, the Ninth Circuit affirmed the dismissal of Plaintiff's claims for discrimination based on race, national origin, and marital status, as well as her liberty interest claim and her petition for writ of administrative mandate under CCP § 1094.5.  The 9th Circuit reversed as to plaintiff's procedural due process claims and the petition for writ of mandate under CCP § 1085, holding that Plaintiff raised issues of fact as to whether she was a permanent employee at the time of her termination, and thus deprived of a protected property interest in her continued employment.  This is now the sole remaining issue to be adjudicated by this Court.

In her support of her opposition to the County's motion for summary judgment, Plaintiff provided declarations from her husband and Deputy Auditor-Controller, Gary Giboney, and County employees Maureen Lee and Rhonda Stevens.  All three of these individuals' declarations, as well Plaintiff's declaration, contained allegations of discrimination.  Furthermore, prior to filing her Complaint, Plaintiff lodged a complaint with the County's Equal Employment Office claiming that her release from employment was the result of race and national origin discrimination.

Generally speaking, evidence of dismissed claims is no longer relevant and poses a risk of confusing the jury.  *See, e.g.*, *Astudillo v. County of L.A.,* No. CV 03-4719 ABC (Mcx) U.S.Dist.LEXIS 45936, at *7 (C.D. Cal. 2005) (granting motion in limine to exclude evidence of defendants' customs and practices where *Monell* claims had been dismissed); *Ng v. Snow*, No. SACV-08-00165-AG (MLGx), 2008 WL 5459167 *1 (CD. Cal. 2008) (granting motion in limine to exclude evidence regarding incidents on which Court granted summary judgment); *see*

1 *also* Fed. R. Evid. 401-403.

2     As Plaintiff's claims for race, national origin, and marital discrimination have already

3 been dismissed on summary judgment, and given that Plaintiff's only remaining claim for

4 deprivation of a property interest without due process does not require Plaintiff to provide

5 evidence of discriminatory animus, any documentary or testimonial evidence to support her

6 dismissed claims is now irrelevant.  Rather, such evidence would only confuse the issues and

7 inflame the passions of the jury.  Accordingly, such evidence is inadmissible under Rules 401 and

8 403.

9 **III.    <u>CONCLUSION</u>**

10     For the reasons set forth above, the County respectfully requests the Court preclude

11 Plaintiff from introducing evidence relating to Plaintiff's claims that were dismissed on summary

12 judgment.

13 Dated: April 22, 2021                              FENTON & KELLER

14

15                                              By: */s/ Christopher E. Panetta*
                                                   Christopher E. Panetta, Esq.
16                                                  Evan J. Allen, Esq.
                                                   Attorneys for Defendant
17                                                 COUNTY OF MONTEREY

18
19
20
21
22
23
24
25
26
27
28