UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE ZHANG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>　　　　　Defendants. | Case No. 17-CV-00007-LHK<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 105, 107, 108, 109 |

Before the Court are the motions in limine of Plaintiff Jacqueline Zhang ("Plaintiff"), ECF No. 105, and the motions in limine of Defendants County of Monterey ("the County"), Monterey County Resource Management Agency ("RMA"), and Monterey County Parks Department (collectively, "Defendants"), ECF Nos. 107, 108, 109. After reviewing the parties' briefing, the case law, and the record in this case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules as follows:

Plaintiff's Motions in Limine ("MIL")

Plaintiff's MIL # 1: Plaintiff moves to exclude all testimony by Defendant's witness Kimberly Moore because Defendants did not identify Moore as a potential witness until after discovery

1  closed. ECF No. 105 at 1–3. Defendants oppose, ECF No. 114 at 2–5, and file a MIL, which seeks to call Moore as a witness. *See* Defendant's MIL # 1, *infra*.

RULING: GRANTED. Specifically, the Court rules as follows.

Defendants move to call Moore, who is the County's Assistant Director of Human Resources, to provide testimony regarding the County's personnel policies and practices. ECF No. 107 at 2. Defendants acknowledge that Defendants also intend to call Irma Ramirez-Bough, the County's Director of Human Resources, to provide testimony regarding the County's personnel policies and practices. *Id*. However, Defendants contend that Moore, "who has worked in the County's human resources department for over 20 years will provide a more historical perspective of the policies and practices that are at issue." *Id*.

Defendants concede that Moore was not identified as a potential witness until after fact discovery closed on January 19, 2018. *Id*. at 4. Defendants first identified Moore in a joint case management statement filed on May 13, 2020, where the parties heavily disputed what fact and expert discovery should be reopened. ECF No. 84. On May 14, 2020, this Court stated that "[n]o discovery should be reopened" but stated that, if the parties insisted on reopening discovery, the Court would only reopen discovery in full rather than in part. ECF No. 85. On May 15, 2020, the parties filed a joint statement, where both parties agreed to forego additional discovery. ECF No. 86. On May 18, 2020, the Court declined to reopen discovery. ECF No. 87.

In sum, Defendants concede that Moore was not identified as a potential witness until after fact discovery closed. ECF No. 107 at 4. "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court addresses in turn: (1) whether Defendants' failure to timely identify Moore was substantially justified, and (2) whether Defendants' failure to timely identify Moore was harmless.

Defendants contend that their belated failure to identify Moore was substantially justified because the need for Moore's testimony did not arise until after the close of discovery. *Id*. at 3. Defendants' argument relates to the dispute between the parties regarding Plaintiff's start date,

which Defendants contend was on October 5, 2015. *Id*. Defendants assert that, prior to the close of discovery, Plaintiff contended that her start date was earlier than October 5, 2015 because Plaintiff attended a Parks Commission meeting, reviewed the County's budget, and visited a park before October 5, 2015. ECF No. 114 at 3. Defendants contend that the dispute regarding Plaintiff's start date was about Plaintiff's own conduct, not the County's policies regarding start dates. *Id*. According to Defendants, Plaintiff contended for the first time in Plaintiff's Opposition to Defendants' Motion for Summary Judgment that Plaintiff's first payroll period began before October 5, 2015, which, under County policy meant that her start date was before October 5, 2015. ECF No. 114 at 3. Thus, Defendants contend that Defendants did not know that Moore's testimony on County policies regarding start dates was needed until after the close of discovery.

The Court is not persuaded. In Plaintiff's deposition on November 10, 2017, more than two months prior to the close of discovery, counsel for Defendants asked Plaintiff whether Plaintiff needed to start at the beginning of a pay period. *See* ECF No. 111 Exh. H at 44 (Plaintiff's deposition) ("[Q:] They needed you to start at the beginning of a pay period? [A:] Yes. [Q:] And the beginning of a pay period is October 5th, 2015? [A:] Yes"); *see also id*. at 42 ("Either I have to start two weeks earlier to fall into the pay period, if not, I have to wait for another two weeks to start the next pay period"). Plaintiff originally testified that the pay period began on October 5, 2015, the date that Defendants claim Plaintiff started. *Id*. However, in an errata to the deposition, Plaintiff corrected her testimony to state that the pay period began on October 3, 2015. *See* ECF No. 111 Exh. I. This deposition suggests that Defendants were on notice that the start of Plaintiff's first pay period could have significance in determining Plaintiff's start date. Accordingly, the Court concludes that Defendants' belated identification of Moore was not substantially justified.

As to prejudice resulting from Defendants' belated identification of Moore, Defendants contend that Plaintiff was given the opportunity to depose Moore following Defendants' belated identification of Moore. ECF No. 114 at 4. However, fact discovery closed on January 19, 2018. ECF No. 87. Therefore, Plaintiff has been deprived of the opportunity to conduct discovery related to Moore. Courts have held that depriving a party of the opportunity to conduct discovery or

3

Case No. 17-CV-00007-LHK
ORDER ON MOTIONS IN LIMINE

depose untimely-disclosed witnesses demonstrates harm. *See, e.g.*, *Miranda v. U.S. Sec. Assoc.*, 2019 WL 2929966, at *6 (N.D. Cal. July 8, 2019) (concluding that the defendant had demonstrated prejudice because the defendant "has been deprived of the opportunity to conduct discovery related to [the late identified witnesses] or take their depositions"); *La Loma Grande LLC v. United States Dep't of Homeland Security,* 2015 WL 11163636, at *1 (D. Ariz. Aug. 3, 2015) ("La Loma's failure to disclose the witnesses in a timely manner is not harmless: if the United States had known that La Loma intended to call Ms. Ziegler and Ms. Hoskin as witnesses, the United States could have deposed the individuals or otherwise explored the contours of their expected testimony during discovery."). Because Defendants' belated identification of Moore was neither substantially justified nor harmless, the Court excludes Moore as a witness. *See* Fed. R. Civ. P. 37(c)(1). Accordingly, the Court GRANTS Plaintiff's MIL # 1.

Plaintiff's MIL # 2: Plaintiff moves to exclude evidence regarding the County's justification for Plaintiff's termination. ECF No. 105 at 4–5. Defendants oppose. ECF No. 114 at 5–6.
RULING: DENIED. Specifically, the Court rules as follows.

Plaintiff moves to exclude evidence regarding the County's justification for Plaintiff's termination. ECF No. 105 at 4–5. Plaintiff contends that the question for the jury in the instant case is whether Plaintiff received due process, not whether Plaintiff's termination was justified. *Id*. Accordingly, Plaintiff asserts that evidence regarding the County's justification for Plaintiff's termination is irrelevant and would confuse the jury. *Id.*

Defendants contend that "the County's evidence describing Plaintiff's job performance and unprofessional communications is inextricably intertwined with Plaintiff's allegation that she was terminated without due process, and as such, is necessary to provide appropriate context and coherence for the County's factual narrative regarding the series of events leading to Plaintiff's termination." ECF No. 114 at 5.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it

4
Case No. 17-CV-00007-LHK
ORDER ON MOTIONS IN LIMINE

would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In the instant case, three of Plaintiffs' claims remain to be decided: (1) denial of a property interest without due process in violation of the Fourteenth Amendment of the United States Constitution; (2) denial of a property interest without due process in violation of the California Constitution; and (3) writ of mandate under California Code of Civil Procedure § 1085. *See Zhang v. County of Monterey*, 804 F. App'x 454, 456–58 (9th Cir. 2020) (remanding for consideration of Plaintiff's claim that she was deprived of a property interest without due process and Plaintiff's claim under California Code of Civil Procedure § 1085).

Plaintiff's "due process claim hinges on proof of two elements: (1) a protectible liberty or property interest . . .; and (2) a denial of adequate procedural protections." *Foss v. National Marine Fisheries Service*, 161 F.3d 584, 588 (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 569–71 (1972)). As to whether Plaintiff had a protected property interest in her employment, "a 'permanent employee,' dismissible only for cause, has a property interest in [her] continued employment which is protected by due process," but "a probationary (or nontenured) civil service employee, at least ordinarily, may be dismissed without a hearing or judicially cognizable good cause." *Dorr v. Butte County*, 795 F.2d 875, 876 (9th Cir. 1986) (citations omitted).

In the instant case, evidence regarding the justification for Plaintiff's termination is relevant to Plaintiff's remaining claims for at least three reasons. First, Plaintiff contends that Plaintiff passed her probationary period and was thus a permanent employee dismissible only for cause. *See* ECF No. 106 at 8. Defendants' evidence of Plaintiff's job performance is relevant to rebut Plaintiff's contention that Plaintiff successfully passed her probationary period and became a permanent employee. For instance, Plaintiff contends that Plaintiff had a reasonable expectation that Plaintiff passed her probationary period following Plaintiff's performance appraisal on July 15, 2016. *Id.* Defendants' evidence regarding Plaintiff's job performance is relevant to rebut Plaintiff's contention regarding Plaintiff's July 15, 2016 performance appraisal.

Second, if Plaintiff were a permanent employee, Plaintiff would be dismissible only for cause. *See Dorr*, 795 F.2d at 876 (citations omitted) (stating that, ordinarily, a permanent

5
Case No. 17-CV-00007-LHK
ORDER ON MOTIONS IN LIMINE

employee is dismissible only for cause); *accord Zhang*, 804 F. App'x at 456 ("If Zhang became a permanent employee before the County terminated her, it is undisputed that under County policy, she could be terminated only for cause, and she was entitled to five days' written notice and an opportunity to challenge the County's decision at a hearing."). Defendants' evidence of Plaintiff's job performance is relevant to whether Defendants had cause to terminate Plaintiff's employment.

Third, Plaintiff contends that Shawn Ellerbee, Plaintiff's former supervisor, and John Guertin, the Interim Deputy Director of Land Use and Community Development at the time, terminated Plaintiff's employment without due process because Plaintiff participated in investigations into RMA. *See* ECF No. 113. Defendants dispute Plaintiff's contention and contends that Plaintiff was terminated because of Plaintiff's job performance. ECF No. 109. As explained below, the Court concludes that Plaintiff can present evidence on investigations into RMA. *See* Defendants' MIL # 3, *infra*. If Plaintiff can present evidence regarding Ellerbee and Guertin's alleged motives to terminate Plaintiff without due process, Defendants must be able to present evidence to rebut Plaintiff's evidence. Accordingly, the Court DENIES Plaintiff's MIL # 2.

Plaintiff's MIL # 3: Plaintiff moves to exclude evidence regarding Plaintiff's job performance, qualifications, experience, and communication style, and the events leading up to Plaintiff's termination because Plaintiff contends that this evidence is cumulative. ECF No. 105 at 5–6. Defendants oppose. ECF No. 114 at 6–7.

RULING: DENIED WITHOUT PREJUDICE. Specifically, the Court rules as follows.

Plaintiff contends that Defendants intend to present at least 13 witnesses to testify regarding Plaintiff's job performance, qualifications, experience and communication style, and the events leading up to Plaintiff's termination. ECF No. 105 at 5–6. Plaintiff contends that these witnesses' testimony will be cumulative. *Id.* Plaintiff asserts that the testimony of 2 witnesses, Ellerbee and Mariscal, both of whom were formerly Plaintiff's supervisors, is sufficient on this topic. *Id.* at 6.

Defendants contend that Plaintiff provides "zero evidentiary support" for the argument that Defendants' witnesses will provide cumulative testimony because Plaintiff has not deposed Defendants' witnesses on these topics. ECF No. 114 at 6. Defendants further state that Defendants do not intend to present cumulative testimony. *Id*.

Federal Rule of Evidence 403 allows the Court to exclude relevant evidence if its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Federal Rule of Evidence "403's cumulative evidence provision does not prohibit the introduction of cumulative evidence; rather, it merely permits courts to exclude cumulative evidence when it has little incremental value." *United States v. Miguel*, 87 F. App'x 67, 68 (9th Cir. 2004). Under Federal Rule of Evidence 403, a district court can exclude evidence that is "needlessly cumulative and a waste of time." *United States v. Shayota*, 784 F. App'x 986, 990 (9th Cir. 2019).

In the instant case, Plaintiff contends that Defendants intend to introduce cumulative evidence regarding the justification for Plaintiff's termination. ECF No. 105 at 5–6. However, Plaintiff has not deposed Defendants' witnesses on these topics. ECF No. 114 at 6. Moreover, Defendants state that Defendants do not intend to present cumulative testimony. *Id*. Accordingly, Plaintiff has failed to provide a sufficient record for the Court to determine whether Defendants' testimony is cumulative. Thus, the Court DENIES WITHOUT PREJUDICE Plaintiff's MIL # 3. *See Yowan Yang v. ActioNet, Inc.*, 2016 WL 8929250, at *2 (C.D. Cal. Feb. 19, 2016) ("[T]o exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context.") (quotation omitted). Plaintiff can make specific objections to evidence Plaintiff considers cumulative during the trial. Moreover, the Court notes that, in addition to the limitations imposed by the Federal Rules of Evidence, the Court will impose and enforce time limits during trial.

7

Case No. 17-CV-00007-LHK
ORDER ON MOTIONS IN LIMINE

Defendants' Motions in Limine ("MIL")

Defendants' MIL # 1: Defendants move to call Moore as a witness. ECF No. 107. Plaintiff opposes, ECF No. 111, and files a MIL to exclude Moore's testimony. *See* Plaintiff's MIL # 1, *supra*.

RULING: DENIED. As explained above, the Court GRANTS Plaintiff's MIL # 1 and excludes Moore as a witness because Moore was not timely identified and Defendants' untimely identification was neither substantially justified nor harmless. *See* Plaintiff's MIL # 1, *supra*.

Defendants' MIL # 2: Defendants move to preclude Plaintiff from introducing evidence concerning Plaintiff's claims or remedies related to claims that were dismissed on appeal. ECF No. 108. Plaintiff opposes. ECF No. 112.

RULING: DENIED WITHOUT PREJUDICE. Specifically, the Court rules as follows.

Defendant contends that the Court should exclude evidence concerning Plaintiff's claims or remedies related to claims that were dismissed on appeal. ECF No. 108. Plaintiff contends that most of the facts and evidence concerning Plaintiff's employment are equally relevant to the remaining claims. ECF No. 112.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Moreover, the Court can exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Generally, evidence of dismissed claims is no longer relevant and can be excluded. *See, e.g., Ng v. Snow*, 2008 WL 5459167, at *1 (C.D. Cal. Aug. 18, 2008) (granting motion in limine to exclude evidence about incidents on which the court had already granted summary judgment).

8
Case No. 17-CV-00007-LHK
ORDER ON MOTIONS IN LIMINE

However, evidence of dismissed claims can be admitted if relevant for a limited purpose. *See Yang*, 2016 WL 8929250, at *10 (denying motion in limine to exclude all evidence relating to dismissed employment claim based on race because "[w]hile neither party can present evidence relating to dismissed claims, in this case or any other, the Court will not sustain any objection to evidence that is relevant to the claims at trial"); *Brown v. Kavanaugh*, 2013 WL 1819796, at *2 (E.D. Cal. Apr. 30, 2013) (granting in part and denying in part motion in limine to exclude evidence about dismissed claims because "[m]atters pled and dismissed in this case are not relevant to Plaintiff's remaining claims" but in a retaliation action, "Plaintiff must be permitted to explain for what the defendants were retaliating against").

In the instant case, judgment has already been entered for the County on five of Plaintiff's claims: (1) discrimination on the basis of race and national origin in violation of Title VII; (2) discrimination on the basis of race, national origin, and marital status in violation of FEHA; (3) discrimination on the basis of race in violation of 42 U.S.C. § 1981; (4) deprivation of a liberty interest without due process of law in violation of the Fourteenth Amendment of the United States Constitution; and (5) writ of mandate under California Code of Civil Procedure § 1094.5. *See Zhang*, 804 F. App'x at 456–58 (affirming grant of summary judgment to Defendants on five claims).

The jury will decide the following three remaining claims at trial: (1) denial of a property interest without due process in violation of the Fourteenth Amendment of the United States Constitution; (2) denial of a property interest without due process in violation of the California Constitution; and (3) writ of mandate under California Code of Civil Procedure § 1085. *Id*.

The Court cannot issue a blanket ruling on this evidence. Instead, Defendants should object at trial to specific evidence relating to Plaintiff's dismissed claims. Accordingly, the Court DENIES WITHOUT PREJUDICE Defendants' MIL # 2. *See BBC Grp. NV LLC v. Island Life Restaurant Grp. LLC*, 2020 WL 70523, at *2 (W.D. Wash. Jan. 7, 2020) (deferring ruling on motion in limine because "until actual evidence is offered, it is difficult for the Court to determine what evidence would solely support BBC's dismissed claims without relevance to its defenses,"

9

which remained in controversy). Moreover, to the extent that evidence relating to Plaintiff's dismissed claims is offered, the Court will provide a limiting instruction instructing the jury that Defendants prevailed on Plaintiff's dismissed claims and the jury is not to consider Plaintiff's dismissed claims. *See* Fed. R. Evid. 105.

<u>Defendants' MIL # 3</u>: Defendants move to preclude Plaintiff from introducing evidence relating to investigations into alleged financial mismanagement at RMA. ECF No. 109. Plaintiff opposes. ECF No. 113.

<u>RULING</u>: DENIED. Specifically, the Court rules as follows.

Defendants move to preclude Plaintiff from introducing evidence relating to investigations into alleged financial mismanagement at RMA. ECF No. 109. Plaintiff opposes and contends that the investigations are relevant. ECF No. 113.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Moreover, the Court can exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In the instant case, Defendants contend that evidence relating to investigations into the RMA is irrelevant. ECF No. 109. Plaintiff contends that the investigations are relevant because Plaintiff's involvement in the investigations led to the termination of her employment without due process. ECF No. 113. According to Defendants, Plaintiff's evidence is irrelevant, speculative, and meritless. ECF No. 109.

The Court disagrees. Plaintiff's evidence is relevant for at least two reasons. First, Plaintiff contends that Plaintiff's involvement in the investigations motivated Ellerbee and Guertin to terminate her employment without due process of law. Specifically, Plaintiff contends that: (1)

10

Case No. 17-CV-00007-LHK
ORDER ON MOTIONS IN LIMINE

around the time of Plaintiff's termination, Plaintiff was participating in the investigations directed by her husband, Gary Giboney, the Chief Deputy Auditor Controller at the time, against the orders of Ellerbee, Plaintiff's supervisor at the time; (2) two of the subjects of the investigations were Ellerbee, who terminated Plaintiff's employment, and Guertin, the Interim Deputy Director of Land Use and Community Development at the time, who reviewed Plaintiff's termination; and (3) Ellerbee and Guertin were motivated to terminate Plaintiff's employment without due process because of Plaintiff's participation in the investigations. ECF No. 113; *see also* Giboney Decl. ¶ 22 (stating that Plaintiff's employment was terminated because of the investigations into RMA).

Second, Plaintiff's contention that Plaintiff was terminated for her participation in the investigations into RMA is relevant because it rebuts Defendants' contention that Plaintiff was terminated for Plaintiff's job performance. As explained above, evidence regarding Plaintiff's job performance is relevant for several reasons. *See* Plaintiff's MIL # 2, *supra*. Thus, Plaintiff is permitted to introduce evidence regarding the investigations into RMA for the relevant purposes outlined above. Accordingly, the Court DENIES Defendants' MIL # 3.

**IT IS SO ORDERED.**

Dated: May 4, 2021

_____
LUCY H. KOH
United States District Judge