UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>Defendants. | Case No. 17-CV-00007-LHK<br><br>**ORDER GRANTING REQUEST FOR JUDICIAL ADJUDICATION OF PETITION FOR WRIT OF MANDATE**<br><br>Re: Dkt. No. 125 |

Plaintiff Jacqueline Zhang ("Plaintiff") sues Defendant County of Monterey[1] (the "County") for causes of action arising out of the County's termination of Plaintiff's employment with the County. One of Plaintiff's causes of action is a petition for a writ of mandate under California Code of Civil Procedure Section 1085. ECF No. 1 at 18–21. Before the Court is the County's request that the Court (1) judicially adjudicate Plaintiff's petition for a writ of mandate,

---

[1] Plaintiff also named the "Monterey County Parks Department" and the "Monterey County Resource Management Agency" as defendants in her complaint. *See* ECF No. 1 ¶¶ 2–3. However, the County stated in its answer to Plaintiff's complaint that Plaintiff had sued the County "erroneously as 'Monterey County Resource Management Agency' and 'Monterey County Parks Department.'" *See* ECF No. 20 at 1. The Court will refer to all named defendants collectively as the "County" because it is undisputed that both the "Monterey County Parks Department" and the "Monterey County Resource Management Agency" are subdivisions of the County. *See* ECF No. 1 ¶¶ 2–3.

1
Case No. 17-CV-00007-LHK
ORDER GRANTING REQUEST FOR JUDICIAL ADJUDICATION OF PETITION FOR WRIT OF MANDATE

or (2) decline supplemental jurisdiction over Plaintiff's petition for a writ of mandate. ECF No. 125. Having considered the parties' briefing, the relevant law, and the record in this case, the Court GRANTS the County's request for judicial adjudication of Plaintiff's petition for a writ of mandate.

## I. DISCUSSION

The Court initially discusses the County's request for judicial adjudication of Plaintiff's petition for a writ of mandate. The Court next addresses the County's request that the Court decline supplemental jurisdiction over Plaintiff's petition for a writ of mandate.

### A. Judicial Adjudication of Plaintiff's Petition for a Writ of Mandate

Plaintiff's seventh cause of action asserts that Plaintiff is entitled to a writ of mandate pursuant to California Code of Civil Procedure § 1085 ordering that she be reinstated to her County position with back pay. *See* ECF No. 1 at 18–21. California Code of Civil Procedure § 1085 states that a writ of mandate may be issued "by any court to any inferior tribunal, corporation, board, or person" to either (1) "compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station"; or (2) "compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by that inferior tribunal, corporation, board, or person." Cal. Code Civ. Proc. § 1085. Individuals who—like Plaintiff—believe that they were wrongfully terminated from positions of public employment frequently seek to use § 1085 to compel reinstatement to their positions and back pay. *See, e.g.*, *Agosto v. Bd. of Trs. of Grossmont-Cuyamaca Cmty. Coll. Dist.*, 189 Cal. App. 4th 330, 335–36 (2010).

Plaintiff is not entitled to a jury trial on Plaintiff's petition for a writ of mandate. *See Valtz v. Penta Inv. Corp.*, 139 Cal. App. 3d 803, 810 (1983) ("There is no right to a jury trial in a mandamus proceeding but the superior court has the discretion to grant one if there is an issue of fact essential to resolution of the case."); Cal. Rules of Court, rules 3.1103(a)(2) (stating that "[l]aw and motion" includes any proceeding . . . [o]n application for an order regarding . . . writs of . . . mandate"); *see also Am. Fed'n of State, Cty., & Muncipal Employees v. Metro. Water Dist.*,

2

126 Cal. App. 4th 247, 263 (2005) ("In a law and motion, writ of mandate hearing, the trial court has broad discretion to decide a case on the basis of declarations and other documents rather than live, oral testimony.") (quotation omitted).

Indeed, Plaintiff concedes that she is not entitled to a jury trial on her petition for writ of mandate because Plaintiff urges the Court to seek an advisory opinion from the jury pursuant to Federal Rule of Civil Procedure 39, which provides for an advisory jury "[i]n an action not triable of right by a jury." *See* Fed. R. Civ. P. 39(c); ECF No. 131 at 14.

Although a plaintiff does not have the right to a jury trial on a petition for writ of mandate under Section 1085, "the court may, in its discretion," order a trial by jury where the petition for writ of mandate presents "a question as to a matter of fact essential to the determination of the motion, and affecting the substantial rights of the parties, and upon the supposed truth of the allegation of which the application for the writ is based." Cal. Code. Civ. Proc. § 1090. In the instant case, Plaintiff has not identified a question of fact essential to the determination of her petition for a writ of mandate. Moreover, Plaintiff's petition for a writ of mandate primarily presents a legal issue. "To be entitled to relief [under Section 1085], [Plaintiff] must show the [County] has a clear, present and ministerial duty to [reinstate] her and that she has a clear, present and beneficial right to performance of that duty entitling her to a writ of mandate." *Kavanaugh v. W. Sonoma Cty. Union High Sch. Dist.*, 29 Cal. 4th 911, 916 (2003). Accordingly, Plaintiff's petition for writ of mandate primarily raises the legal issue of whether the County has a clear, present, and ministerial duty to reinstate Plaintiff. *Id.* This legal issue should be decided by the Court, not by a jury.

Plaintiff contends that the Court should try Plaintiff's petition for a writ of mandate with an advisory jury pursuant to Federal Rule of Civil Procedure 39. ECF No. 131 at 14. "[F]or actions not triable of right by a jury, Rule 39 does not create a right to an advisory jury but leaves such determination to the discretion of the trial judge." *Tucker v. Cascade Gen., Inc.*, 2011 WL 5057052, at *9 (D. Ore. Oct. 24, 2011). However, Plaintiff has not identified cases where a court used an advisory jury to adjudicate a petition for a writ of mandate under California Code of Civil

3
Case No. 17-CV-00007-LHK
ORDER GRANTING REQUEST FOR JUDICIAL ADJUDICATION OF PETITION FOR WRIT OF MANDATE

Procedure § 1085. Nor does Plaintiff identify benefits that an advisory jury would bring to the adjudication of Plaintiff's petition for a writ of mandate. *See Nevada Restaurant Servs., Inc. v. City of Las Vegas*, 2019 WL 427326, at *3 (D. Nev. Feb. 4, 2019) (declining to order an advisory jury for writ of mandamus because "Plaintiff does not identify benefits that an advisory jury would bring to this case"). Accordingly, the Court concludes that Plaintiff's petition for a writ of mandate should be judicially adjudicated.

**B. Supplemental Jurisdiction over Plaintiff's Petition for a Writ of Mandate**

In the alternative, Defendants contend that the Court should decline supplemental jurisdiction over Plaintiff's petition for writ of mandate. For the reasons explained below, the Court exercises supplemental jurisdiction over Plaintiff's petition for a writ of mandate.

A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Conversely, a court may decline to exercise supplemental jurisdiction over a state law claim if "the claim raises a novel or complex issue of State law." *Id.* § 1367(c)(1). However, "[n]ovelty alone does not determine whether a district court should decline supplemental jurisdiction." *Matera v. Google Inc.*, 2016 WL 8200619, at *17 (N.D. Cal. Aug. 12, 2016). Instead, in considering whether to retain supplemental jurisdiction, a court should also consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations and internal quotation marks omitted).

Where a party requests that the district court decline supplemental jurisdiction at a late stage of the litigation, economy, convenience, and fairness weigh in favor of retention of jurisdiction. *See, e.g.*, *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 762 (9th Cir. 2010), *vacated on other grounds*, 556 U.S. 801 (2011) (concluding that the district court properly exercised its discretion in retaining jurisdiction when supplemental jurisdiction issue was raised on the eve of trial); *Trs. of Constr. Indus. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (concluding that the district court abused its discretion by declining to exercise

4
Case No. 17-CV-00007-LHK
ORDER GRANTING REQUEST FOR JUDICIAL ADJUDICATION OF PETITION FOR WRIT OF MANDATE

supplemental jurisdiction over a case that was three years old a week before trial); *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1088 n.4 (9th Cir. 2000) (concluding that it was not an abuse of discretion for the district court to retain jurisdiction when the proceedings had reached the summary judgment stage and "the district court was fully familiar with the record"); *see also Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 86 (2d Cir. 2018) (concluding that the district court abused its discretion by declining supplemental jurisdiction nearly two years into the proceedings); *Montano v. City of Chicago*, 375 F.3d 593, 602 (7th Cir. 2004) (concluding that the district court abused its discretion by declining supplemental jurisdiction after discovery had closed).

The Ninth Circuit has held that district courts do not abuse their discretion in retaining supplemental jurisdiction when a party requests that the district court decline supplemental jurisdiction at a late stage of the litigation. For example, the Ninth Circuit concluded that the district court did not abuse its discretion in retaining supplemental jurisdiction over a state law claim when the defendant first raised its objection on the eve of trial. *Wang*, 623 F.3d at 762. Because the defendant had raised the supplemental jurisdiction issue so late, "[e]conomy and fairness concerns therefore weigh heavily in favor of the district court's retention of jurisdiction." *Id.* Similarly, the Ninth Circuit held that the district court abused its discretion when it declined to exercise supplemental jurisdiction a week before trial over a case that the parties had been litigating for three years. *Desert Valley*, 333 F.3d at 926. The Ninth Circuit stated that "[d]ismissing the case after such a long delay and after the parties were essentially done with trial preparation was neither fair to the parties nor an efficient use of judicial resources." *Id.*[2]

In the instant case, even though Plaintiff's petition for a writ of mandate raises a novel

---

[2] The County cites several cases where district courts declined supplemental jurisdiction over writs of mandate. ECF No. 125 at 5–6. However, as Plaintiff points out, in those cases, the district court declined supplemental jurisdiction at a much earlier stage of the proceedings. *See, e.g.*, *Pac. Bell Tel. Co. v. City of Walnut Creek*, 428 F. Supp. 2d 1037, 1041, 1055 (N.D. Cal. 2006) (declining to exercise supplemental jurisdiction over writ of mandate claim at motion to dismiss stage); *City Limits of N. Nev., Inc. v. County of Sacramento*, U.S. Dist. LEXIS 75414, at *3 (E.D. Cal. 2006) (same). By contrast, the parties have litigated the instant case for four and a half years and are on the eve of trial.

5
Case No. 17-CV-00007-LHK
ORDER GRANTING REQUEST FOR JUDICIAL ADJUDICATION OF PETITION FOR WRIT OF MANDATE

issue of state law, the Court retains supplemental jurisdiction based on economy, convenience, and fairness. Plaintiff filed the instant case on January 3, 2017. ECF No. 1. Over the past four and a half years, the parties have expended significant resources conducting discovery and litigating summary judgment and pre-trial motions. The Ninth Circuit has already ruled on Plaintiff's appeal of the Court's summary judgment rulings, and the Court has ruled on pre-trial motions. The parties are now on the eve of trial. On May 4, 2021, just a month before the June 7, 2021 trial was scheduled to begin in the instant case, Defendants contended for the first time that the Court should decline supplemental jurisdiction over Plaintiff's petition for a writ of mandate. ECF No. 125. Accordingly, the Court concludes that economy, fairness, and convenience weigh heavily in favor of the retention of supplemental jurisdiction. *See Wang*, 623 F.3d at 762. Thus, the Court exercises supplemental jurisdiction over the petition for writ of mandate.[3]

## II. CONCLUSION

For the foregoing reasons, the Court GRANTS the County's request for judicial adjudication of Plaintiff's petition for a writ of mandate under California Code of Civil Procedure § 1085.

**IT IS SO ORDERED.**

---

[3] In the Court's order granting summary judgment, the Court: (1) concluded that Plaintiff's petition for writ of mandate raised a novel issue of state law, and (2) declined to exercise supplemental jurisdiction over that claim. ECF No. 72 at 39–44. However, the Court came to this conclusion in part because the Court had granted summary judgment as to all of Plaintiff's other claims. The Ninth Circuit later reversed this Court's order as to two of Plaintiff's claims. *Zhang v. County of Monterey*, 804 F. App'x 454 (9th Cir. 2020). The Ninth Circuit concluded that this Court "did not abuse its discretion in declining to exercise supplemental jurisdiction over Zhang's remaining claim under California Code of Civil Procedure § 1085." *Id.* at 457. However, "because [the Ninth Circuit] remand[ed] two of Zhang's due process claims," the Ninth Circuit "remand[ed] the section 1085 claim to permit the district court to exercise its discretion afresh." *Id.* at 458. For the reasons explained above, the Court now retains supplemental jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (stating that "a federal court should consider and weigh in each case, *and at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction") (emphasis added).

6
Case No. 17-CV-00007-LHK
ORDER GRANTING REQUEST FOR JUDICIAL ADJUDICATION OF PETITION FOR WRIT OF MANDATE

Dated: June 4, 2021

_____
LUCY H. KOH
United States District Judge