1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

12
13
14
15
16
17

JACQUELINE ZHANG,

          Plaintiff,

     v.

COUNTY OF MONTEREY, et al.,

          Defendants.

Case No. 17-CV-00007-LHK

**ORDER RE: *MONELL* LIABILITY**

18
19
20
21
22

      The parties have now engaged in several rounds of briefing with respect to the bases upon which municipal liability may be shown. *See, e.g.*, ECF No. 149, 152, 159, 164, 167, 168. Below, the Court outlines the governing precedent under United States Supreme Court and Ninth Circuit doctrine. The Court then addresses various issues raised by the parties. The Court continues to research and analyze municipal liability and may issue further orders.

23
24
25
26
27

      Under Section 1983, liability may attach to a municipality only where the municipality itself caused the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 694 (1978). "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of

28

1

the municipality, and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–80 (1986). Thus, the municipality itself must have caused Plaintiff's injury for the municipality to be liable under Section 1983 and *Monell*.

Under controlling precedent of the United States Supreme Court and Ninth Circuit, there are three ways that municipal liability may be established:

(1) Plaintiff may show that a municipal employee committed a constitutional violation pursuant to an expressly adopted official policy or to a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity." *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)).

(2) Plaintiff may show "that the decision-making official was, as a matter of state law, a final policymaking authority 'whose edicts or acts may fairly be said to represent official policy' in the area of decision." *Id.* (quoting *Monell*, 436 U.S. at 694).

(3) Plaintiff may show "that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.3d 1342, 1346-47 (9th Cir. 1992); *see also Ulrich*, 308 F.3d at 985 (holding that plaintiff may establish official policy "by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.").

The parties appear to agree that municipal liability may be established pursuant to (1). However, Defendants' final jury instructions and *Monell* briefing are inconsistent in acknowledging municipal liability bases (2) and (3). *See* ECF No. 149, at 153-154; ECF No. 159, at 3.

The Court briefly outlines municipal liability under (2) and (3) below so that there is no confusion between the parties moving forward.

**Final Policymaking Authority (2)**; Plaintiff may establish municipal liability by showing that the employee committing the constitutional violation was an official with "final policymaking authority" in the area of the decision made. *Ulrich*, 308 F.3d at 985. "Whether an official is a policymaker for *Monell* purposes is a question governed by state law." *Ellins*, 710 F.3d at 1066; *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988) (same). "Depending on the circumstances, however, [the Court] may also look to the way a local government entity operates in practice" to determine if an individual possessed final policymaking authority. *Lytle v. Carl*, 382 F.3d 978, 983 (9th Cir. 2004). Thus, "[t]he final policymaker is the individual who had authority in the particular area where the constitutional violation occurred." *Barone v. City of Springfield, Oregon*, 902 F.3d 1091, 1108 (9th Cir. 2018). "For a person to be a final policymaker, he or she must be in a position of authority such that a final decision by that person may appropriately be attributed to the District." *Lytle*, 382 F.3d at 983. Moreover, it does not matter that "the final policymaker may have subjected only one person to only one unconstitutional action." *Id.* A single action can constitute an official policy if that action is made or ratified by the final policymaker. *Id.*

However, "[t]he fact that a particular official—even a policy-making official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable." *Pembaur*, 475 U.S. at 482-83 (internal citations omitted); *Gillette*, 979 F.2d at 1349 (same). Thus, the fact that an individual "possessed the discretionary authority to hire and fire employees" is "not sufficient to establish a basis for municipal liability" on its own. *Gillette*, 979 F.2d at 1350. Rather, that individual must possess "final policymaking authority" in the particular area where the constitutional violation occurred. *Barone*, 902 F.3d at 1108.

"Authority to make municipal policy may be granted directly by a legislative enactment" or "delegated by an official who possesses such authority . . . ." *Pembaur*, 475 U.S. at 483. Thus, an individual may have been "delegated final policymaking authority over the decisions at issue."

United States District Court
Northern District of California

*See Ulrich*, 308 F.3d at 985.

**Ratification by a Final Policymaker (3)**:  Plaintiff also may establish municipal liability by showing that "an official with final policymaking authority . . . ratified the decision of, a subordinate." *Ulrich*, 308 F.3d at 985.  However, acquiescence to the decision of a subordinate is not sufficient to establish liability.  Rather, municipal liability "requires that a policymaker approve a subordinate's decision and the basis for it before the policymaker will be deemed to have ratified the subordinate's discretionary decision." *Gillette*, 979 F.3d at 1348; *Ellins*, 710 F.3d at 1067-68 (same).

Having outlined the bases for municipal liability under Section 1983, the Court will now address several issues raised by the parties.

**Jury Instructions**

First, Defendants' proposed Special Jury Instruction No. 3, ECF No. 149, at 153 is incomplete because it fails to state that municipal liability under Section 1983 may be imposed where Plaintiff establishes that the decision that caused her injury was (1) made by an employee with "final policymaking authority" in the area of the decision made, *Ulrich*, 308 F.3d at 985, or (2) an individual with final policymaking authority ratified a subordinate's decision and the basis for that decision. *Gillette*, 979 F.3d at 1348.

However, Plaintiff's proposed Special Jury Instruction No. 15 is also misleading because it conflates discretion with final policymaking authority and provides unclear guidance as to the bases for municipal liability. *See* ECF No. 149, at 161.  Specifically, Plaintiff states that municipal liability must be found if "[t]he individual involved, such as Ellerbee or Guertin, was given the authority or ability to act at his or her discretion and is the final word on the matter." *Id.* However, "[t]he fact that a particular official—even a policy-making official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion.  The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable." *Pembaur*, 475 U.S. at 482-83; *Gillette*, 979 F.2d at 1349 (same).  Thus, the fact that an individual "possessed

4

the discretionary authority to hire and fire employees" is "not sufficient to establish a basis for municipal liability" on its own. *Gillette*, 979 F.2d at 1350. Therefore, Plaintiff must establish that Ellerbee or Guertin were responsible for establishing final government policy with respect to the decision made. It is not enough to show that Ellerbee or Guertin had the authority to act at their own discretion.

Second, Plaintiff states that municipal liability can be established by showing that "[t]he County later upheld, ratified, or adopted the conduct of the individual or individuals." ECF No. 149, at 161. Municipal liability under Section 1983 "requires that a policymaker approve a subordinate's decision *and the basis for it* before the policymaker will be deemed to have ratified the subordinate's discretionary decision." *Gillette*, 979 F.3d at 1348 (emphasis added). Plaintiff's proposed jury instruction is therefore incomplete.

### **Jury Verdict Forms**

The parties also dispute whether the special jury verdict form on violation of procedural due process under Section 1983 should include a question regarding whether Plaintiff's injury was the result of an official municipal policy under *Monell*. *See* ECF No. 154 at 7, 21. The Court agrees with Defendants that the special jury verdict form should include a question regarding municipal liability. However, Defendants' proposed special jury verdict form is incomplete. Defendants' instruction states that the means of establishing an official policy are that the decision was an "expressly adopted official policy or a widespread or longstanding practice or custom." *Id.* at 21. This instruction ignores that municipal liability may also be established where the decision was made by "a final policymaking authority," *Ulrich*, 308 F.3d at 985, or a final policymaking authority "approve[d] a subordinate's decision and the basis for it . . . ." *Gillette*, 979 F.3d at 1348. The special jury verdict form must reflect these additional bases for municipal liability.

### **Evidence / Admissions**

Plaintiff also requests that the Court enter an order preventing Defendants from presenting any evidence or arguments to the effect that (1) "The acts of Ellerbee and others in connection with the discharge of Zhang were not acts of the County"; (2) "The acts of Ellerbee and others in

connection with the discharge of Zhang were not authorized or approved by the County"; and (3) "That Plaintiff is required to show that any denial of due process in Zhang's discharge was due to a custom, policy, or practice of such denial of rights." ECF No. 162, at 2.

Plaintiff's objection lacks merit. Defendants are entitled to argue that Plaintiff has not established municipal liability under Section 1983. Municipal liability attaches where the municipality itself caused the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 694. Defendants are entitled to argue that Plaintiff's claim under Section 1983 is barred because Plaintiff has failed to establish municipal liability through one of the three bases for liability outlined above.

Plaintiff further argues that Defendants may not raise an affirmative defense under *Monell* because Defendants have already admitted that the actions of Ellerbee and others were "authorized acts of the County." ECF No. 162, at 4. Plaintiff argues that if an act of Ellerbee or others was "authorized" by the County, then that act represented official policy and municipal liability may be found under Section 1983 and *Monell*. *Id.* at 7. However, the fact that an individual was authorized to act by the County does not by itself demonstrate that the individual had final policymaking authority with regard to the decision made. Thus, for example, the fact that an individual "possessed the discretionary authority to hire and fire employees" is "not sufficient to establish a basis for municipal liability" on its own. *Gillette*, 979 F.2d at 1350. Rather, that individual must possess "final policymaking authority" in the particular area where the constitutional violation occurred. *Barone*, 902 F.3d at 1108. Defendants are entitled to argue at trial that while Ellerbee and others were authorized to act, they lacked final policymaking authority with respect to the decision that caused Plaintiff's injury.

Accordingly, the Court DENIES Plaintiff's request to prevent Defendants from presenting any evidence or arguments to the effect that Plaintiff has failed to establish municipal liability under Section 1983 and *Monell*.

**IT IS SO ORDERED.**

Dated: June 4, 2021

_____
LUCY H. KOH
United States District Judge