UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MONTEREY, MONTEREY COUNTY RESOURCE MANAGEMENT AGENCY, and MONTEREY COUNTY PARKS DEPARTMENT,<br><br>Defendants. | Case No. 17-CV-00007-LHK<br><br>**AMENDED ORDER ON REMEDIES FOR DUE PROCESS CLAIMS**[1]<br><br>Re: Dkt. No. 143 |

Before the Court are disputes raised by the parties in their Joint Statement Regarding Available Remedies, ECF No. 143 ("Joint Statement"). The parties dispute the remedies available if Plaintiff Jacqueline Zhang ("Zhang") prevails on her two due process claims and petition for writ of mandate. *Id.* Only the due process claims' remedies are addressed in this Order because the Court granted the Defendants' request for judicial adjudication of the petition for writ of mandate. ECF No. 187.

After reviewing the parties' briefing, the case law, the record in this case, the Court rules on the parties' five disputes after summarizing the remedies available under each due process

---

[1] This Order supersedes ECF No. 192, which has been vacated. ECF No. 193.

claim.

## I. SUMMARY OF REMEDIES

Below, the Court first explains why Zhang's two due process claims do not necessarily rise and fall together. The Court then outlines the remedies available under each due process claim.

### A. The federal due process claim has one more requirement than the California due process claim: Zhang must show municipal liability under *Monell*.

As background, Zhang brings two procedural due process claims for deprivation of her alleged property interest in employment. The first claim, which is brought under 42 U.S.C. § 1983, is that Defendants County of Monterey, Monterey County Resource Management Agency, and Monterey County Parks Department (collectively, "the County") violated the Fourteenth Amendment of the U.S. Constitution. The Court refers to this first claim as the "federal due process claim." The second claim is that the County violated Article I, § 7 of the California Constitution. The Court refers to this second claim as the "California due process claim."

The two claims do not necessarily rise and fall together. Although the parties assert that the claims share the same essential elements—and courts have often analyzed the two claims together—the *federal* due process claim in fact has one more requirement than the California due process claim. *See* Revised Joint Proposed Jury Instructions at 50–51, ECF No. 149 (agreeing on same essential elements); *Walls v. Cent. Contra Costa Transit Auth.*, 653 F.3d 963, 967–69 (9th Cir. 2011) (analyzing both claims together); *Skelly v. State Pers. Bd.*, 539 P.2d 774, 789 (Cal. 1975) (same).

In addition to the elements of the California due process claim, the federal due process claim requires Zhang to prove municipal liability under the doctrine of *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978), because the federal due process claim is brought against municipal entities under 42 U.S.C. § 1983. *See Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1472 n.1 (9th Cir. 1993) (applying *Monell* doctrine to federal procedural due process claim against municipal entity under 42 U.S.C. § 1983). Thus, if Zhang fails to prove *Monell* liability, she could prevail on the California due process claim but *not* the federal due

2

Case No. 17-CV-00007-LHK
AMENDED ORDER ON REMEDIES FOR DUE PROCESS CLAIMS

process claim. However, the inverse is not true. If Zhang prevails on the federal due process claim, she will necessarily prevail on *Monell* liability *plus* all the elements of the California due process claim.

### B. The federal due process claim does not automatically entitle Zhang to backpay if she prevails at trial.

Under federal procedural due process, "the appropriate remedy for deprivation of a liberty and/or property interest without due process is to order the process that was due and any attendant damages which directly resulted from the failure to give the proper procedure." *Brady v. Gebbie*, 859 F.2d 1543, 1551 (9th Cir. 1988). Here, if Zhang prevails at trial, "the process that was due" would be the disciplinary process that the County affords its permanent employees (hereinafter "the County's process"). *See* Joint Statement at 22 (County conceding same); *id.* at 33–37 (County resolution on disciplinary process).

In turn, the County's process determines the "attendant damages which directly resulted from the failure to give the proper procedure." *Brady*, 859 F.2d at 1551. If the County's process determines that Zhang's firing was justified, "[Zhang] can recover only nominal damages for the due process violation." *Raditch v. United States*, 929 F.2d 478, 482 n.5 (9th Cir. 1991). By contrast, if the County's process determines that Zhang's firing was unjustified, Zhang "can recover compensatory damages." *Id.* These compensatory damages include backpay—*i.e.*, past lost wages and benefits from (1) the date of termination to (2) the date of any decision by the County's process. *See, e.g.*, *Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cty., Tex.*, 752 F.2d 1063, 1071 (5th Cir. 1985) (following these dates to award backpay for federal due process claim). These damages flow from the idea that, if Zhang's firing was unjustified, "the procedural due process violation could properly be viewed as the cause of the initial discharge and the award of back[]pay would constitute compensation to [Zhang] rather than a windfall." *Id.*; *accord, e.g.*, *Collier v. Windsor Fire Prot. Dist. Bd. of Directors*, No. 08-CV-02582-PJH, 2011 WL 4635036, at *7 (N.D. Cal. Oct. 6, 2011) (holding same).

### C. The California due process claim automatically entitles Zhang to backpay if she prevails at trial.

By contrast, Zhang's California due process claim automatically entitles Zhang to backpay if she prevails at trial. As the California Supreme Court has held—and a recent California Court of Appeal has confirmed—the time period "for measuring the amount of back pay due [] begins [1] at the time discipline is actually imposed and ends on [2] the date the [County] files its decision." *Barber v. State Pers. Bd.*, 556 P.2d 306, 310 (Cal. 1976); *accord Roe v. State Pers. Bd.*, 120 Cal. App. 4th 1029, 1042 (Ct. App. 2004), *as modified on denial of reh'g* (Aug. 20, 2004) (awarding backpay from (1) date of firing to (2) date that plaintiff received due process). Like the plaintiffs in *Barber* and other cases, Zhang is entitled to backpay even if her termination is *upheld*. *See Roe*, 120 Cal. App. 4th at 1042 (collecting cases). Thus, the outcome of the County's process does *not* affect Zhang's entitlement to backpay under her California due process claim.

However, to be clear, even if Zhang prevails on both due process claims and in the County's process, she is not entitled to double recovery. In employment due process cases such as the instant case, "[c]ourts 'should take all necessary steps to ensure that the plaintiff is not permitted double recovery for what are essentially two different claims for the same injury.'" *Jadwin v. Cty. of Kern*, No. 107-CV-00026-OWW, 2009 WL 2424565, at *17–18 (E.D. Cal. Aug. 6, 2009) (quoting *California v. Chevron Corp.*, 872 F.2d 1410, 1414 (9th Cir. 1989)).

Here, Zhang brings two different claims for the same injury: her firing on October 4, 2016 allegedly without due process of law. *See* Compl. ¶¶ 7–22, ECF No. 1 (alleging "facts common to all causes of action"); Revised Joint Proposed Jury Instructions at 50–51 (agreeing on same essential elements for both due process claims). Thus, if Zhang prevails on both due process claims, she will receive only nominal damages on the federal due process claim. *Id.* (awarding nominal damages to avoid double recovery); *see also Floyd v. Laws*, 929 F.2d 1390, 1402 (9th Cir.1991) ("If the jury finds a constitutional violation, an award of nominal damages is mandatory, not permissive.").

## II. RULINGS ON PARTIES' DISPUTES

With the above summary of remedies in mind, the Court rules as follows on the parties'

4

Case No. 17-CV-00007-LHK
AMENDED ORDER ON REMEDIES FOR DUE PROCESS CLAIMS

five disputes.

### 1. Zhang would be only entitled to reinstatement for purposes of receiving the process that was due to her.

Dispute: Although the parties superficially agree that Zhang would be entitled to "reinstatement," the parties disagree on the scope of reinstatement. Joint Statement at 2. Zhang demands "a return to [her] formerly held position" if she prevails at trial. *Id.* at 16, 18. By contrast, the County argues that a verdict for Zhang would simply entitle her to reinstatement for the limited purpose of receiving due process. *Id.* at 22. Specifically, the County argues that "if the jury finds that [Zhang] was a permanent employee at the time of her release, [Zhang] would only be entitled to reinstatement for purposes of receiving the due process rights afforded to permanent employees. [Zhang] would then receive those due process procedures and *would only be reinstated to her job if it were found that her release was unjustified*." *Id.* (emphasis added).

Ruling: The Court agrees with the County. Neither of Zhang's due process claims entitles Zhang "a return to [her] formerly held position." *Id.* at 16. Rather, prevailing on both claims at trial would merely entitle Zhang to the process she was due. *See, e.g.*, *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991) ("A violation of procedural rights requires only a procedural correction, not the reinstatement of a substantive right to which the claimant may not be entitled on the merits."); *Roe v. State Pers. Bd.*, 120 Cal. App. 4th 1029, 1042 (Ct. App. 2004), *as modified on denial of reh'g* (Aug. 20, 2004) (holding same under California Constitution).

If Zhang prevails at trial, her due process would be the disciplinary process that the County affords its permanent employees (hereinafter "the County's process"). *See* Joint Statement at 22 (County conceding same); *id.* at 33–37 (County resolution on disciplinary process). Zhang would only be reinstated to her former position if the County's process finds that her prior firing was unwarranted. *Id.* at 35 (County resolution on dismissal).

### 2. Zhang would be entitled to past lost wages and benefits from (i) the date of her termination to (ii) the date of any decision by the County's process.

Dispute: Zhang argues that if she prevails at trial, she is entitled to lost wages and benefits (together, "backpay") starting "from the date of [her] termination to the date of any decision by

5

Case No. 17-CV-00007-LHK
AMENDED ORDER ON REMEDIES FOR DUE PROCESS CLAIMS

1  [the County's process]." Joint Statement at 8. Zhang maintains that she is entitled to backpay even
2  if the County's process rules against her on the merits. *Id.* By contrast, the County argues that
3  Zhang is entitled to compensatory damages, including backpay, *only if* Zhang prevails in the
4  County's process. *Id.* at 22–23.

Ruling: The Court agrees with Zhang. To the extent Zhang prevails at trial, she will necessarily prevail on the California due process claim, which shares the same elements as the federal due process claim *minus* the requirements of *Monell* liability. *See* Section I-A, *supra* (explaining additional *Monell* requirement for federal due process claim). The California due process claim automatically entitles Zhang to backpay if she prevails at trial. As the California Supreme Court has held—and a recent California Court of Appeal has confirmed—the time period "for measuring the amount of back pay due [] begins [1] at the time discipline is actually imposed and ends on [2] the date the [County] files its decision." *Barber v. State Pers. Bd.*, 556 P.2d 306, 310 (Cal. 1976); *accord Roe v. State Pers. Bd.*, 120 Cal. App. 4th 1029, 1042 (Ct. App. 2004), *as modified on denial of reh'g* (Aug. 20, 2004) (awarding backpay from (1) date of firing to (2) date that plaintiff received due process). Like the plaintiffs in *Barber* and other cases, Zhang is entitled to backpay even if her termination is *upheld*. *See Roe*, 120 Cal. App. 4th at 1042 (collecting cases). Thus, a trial verdict for Zhang would entitle her to backpay regardless of the later outcome of the County's process.

The County responds with two counterarguments, but neither is persuasive. First, the County argues that Zhang's federal due process claim merely entitles her to the County's process. Joint Statement at 22. Then that process will determine whether Zhang should receive nominal damages (if Zhang's termination is upheld) or compensatory damages (if her termination is reversed). *Id.*

The County has correctly stated the remedy for Zhang's *federal* due process claim. As the Ninth Circuit has held, "in § 1983 cases, a plaintiff can recover compensatory damages for a proven due process violation only if the deprivation was unjustified on the merits. If, after postdeprivation procedure, it is determined that the deprivation was justified, a plaintiff can

6
Case No. 17-CV-00007-LHK
AMENDED ORDER ON REMEDIES FOR DUE PROCESS CLAIMS

recover only nominal damages for the due process violation." *Raditch*, 929 F.2d at 482. However, as explained above, a due process violation under Article I, § 7 of the California Constitution entitles plaintiff to backpay *even if* plaintiff's firing was justified. *See Roe*, 120 Cal. App. 4th at 1042 (collecting cases).

The County's other counterargument disputes the remedy available for Zhang's California due process claim. Specifically, the County asserts that the law is "'not settled'" on "whether a private individual may recover damages for a due process violation of a property right under Article I, [§] 7 of the California Constitution." Joint Statement at 23 (quoting *Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 815 (N.D. Cal. 2019)). In the County's view, the California Supreme Court cast doubt on the availability of damages in *Katzberg v. Regents of University of California*, 58 P.3d 339 (Cal. 2002). *Id.*

The County is incorrect. *Katzberg* did not disturb the California Supreme Court's longstanding rule that Article I, § 7 of the California Constitution allows plaintiffs like Zhang to recover backpay. *See Barber*, 556 P.2d at 308, 310 (awarding backpay and retroactively extending rule from *Skelly v. State Personnel Bd.*, 539 P.2d 774 (1975)). Indeed, the California Supreme Court distinguished *Katzberg* from "cases arising in the employment context." *Katzberg*, 29 Cal. 4th at 314 n.13. Those employment cases—like Zhang's case here—involved "a due process *property* interest." *Id.* (emphasis in original). By contrast, the *Katzberg* plaintiff had "concede[d] he had no due process property interest in his position." *Id.*

Moreover, a California Court of Appeal decision two years after *Katzberg* confirms that *Katzberg* is inapposite. *See Walls v. Cent. Contra Costa Transit Auth.*, No. 08-CV-0224-PJH, 2012 WL 581362, at *3–4 (N.D. Cal. Feb. 22, 2012) (concluding same). In *Roe v. State Personnel Board*, the Court of Appeal awarded backpay to a plaintiff who had not received due process under the California Constitution. *Roe*, 120 Cal. App. 4th at 1042–43.[2] In awarding backpay, the

---

[2] The Court notes that in *Roe*, the Court of Appeal's writ of mandate simply ordered defendant to take two actions. First, the writ "direct[ed] [defendant] to conduct proceedings to determine the amount of backpay due Roe for the *Skelly* violation for the period September 1, 1992 [*i.e.*, the date

7

Court of Appeal relied on the California Supreme Court's decisions in *Skelley* and *Barber*, not *Katzberg*. *Id.* at 1039.

In sum, the Court agrees with Zhang that, if she prevails at trial, she is entitled to backpay "from the date of [her] termination to the date of any decision by [the County's process]." Joint Statement at 8.

### 3. Zhang would be entitled to compensation for her retirement losses from (i) the date of her termination to (ii) the date of any decision by the County's process.

Dispute: Zhang argues that, if she prevails at trial, she is entitled to "[r]etirement losses under the CalPERS system from the date of her termination." Joint Statement at 2. The County responds that Zhang "is not entitled to past lost wages *or other accrued benefits*" unless Zhang meets two conditions: (1) Zhang prevails at trial; and (2) in the subsequent County process, Zhang prevails. *Id.* at 22 (emphasis added).

Ruling: The Court agrees with Zhang for the reasons stated in Section II-2, *supra* (analyzing backpay). If Zhang prevails at trial, Zhang's California due process claim automatically entitles her to backpay regardless of the outcome of the County's process. *See Roe*, 120 Cal. App. 4th at 1042–43 (awarding backpay). Part of Zhang's pay included contributions to California's public pension fund, the California Public Employees' Retirement System ("CalPERS"). Joint Statement at 2. Indeed, the County concedes that if Zhang is in fact entitled to backpay after trial, that backpay includes "unpaid past wages and *benefits*." Joint Statement at 23 (emphasis added). The County could not argue otherwise, because "the Ninth Circuit and other courts have held that the deprivation of pension [] benefits amounts to the deprivation of constitutionally protected property." *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 906 (9th Cir. 1993) (original emphasis omitted).

---

plaintiff Robert Roe was fired without due process], through May 5, 1999 [*i.e.*, the date Roe received due process], and to award it forthwith." *Roe*, 120 Cal. App. 4th at 1043. Second, the writ "direct[ed] [defendant] to exercise its discretion and make a finding whether Roe's dismissal was for good cause." *Id.* The Court of Appeal's writ neither ruled that Roe's termination was invalid nor reinstated Roe. *Id.*

Accordingly, as part of her backpay award, Zhang would be entitled to compensation for her retirement losses under CalPERS from (i) the date of her termination to (ii) the date of any decision by the County's process.

### 4. Zhang would not be entitled to "front pay," which comprises future lost wages and benefits.

Dispute: If the County does not reinstate Zhang after a trial verdict for Zhang, Zhang argues that she is entitled to "front pay," which comprises "future lost wages and benefits." Joint Statement at 21. The County responds that Zhang would be entitled to front pay only on two conditions. First, Zhang would need to "prevail[] at a due process hearing addressing the merits of her release [*i.e.*, the County's process]." Joint Statement at 24. Second, despite the County's ruling for Zhang, reinstating her must be "inappropriate due to excessive hostility or antagonism between the parties." *Id.* (citing *Fadhl v. City & Cty. of San Francisco*, 741 F.2d 1163, 1167 (9th Cir. 1984), *abrogated on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989)).

Ruling: The Court agrees with the County for two reasons. First, Zhang agrees that "front pay is a damage awarded *in lieu of reinstatement*." Joint Statement at 21 (emphasis added). Yet none of Zhang's claims entitle her to reinstatement simply for prevailing at trial. *See* Section II-1, *supra* (analyzing reinstatement); *Raditch*, 929 F.2d at 481 ("A violation of procedural rights requires only a procedural correction, not the reinstatement of a substantive right to which the claimant may not be entitled on the merits."). Rather, as the County correctly asserts, Zhang would also need to prevail in the County's process to be eligible for reinstatement or its alternative: front pay.

Second, as the Ninth Circuit has held and Zhang does not dispute, "[a]n award of front pay is made in lieu of reinstatement when the antagonism between employer and employee is so great that reinstatement is not appropriate." *Fadhl*, 741 F.2d at 1167; Joint Statement at 21 ("[Zhang] would not dispute this idea."). Nothing indicates that the antagonism between the County and Zhang is so great that reinstatement is not appropriate. *Id.* To the contrary, the County has represented that Zhang would be "reinstated to her job if it were found that her release was

9

1 unjustified." Joint Statement at 22.

In sum, prevailing at trial would not entitle Zhang to front pay.

### 5. Zhang would be entitled to prejudgment interest.

Dispute: Zhang argues that "prejudgment interest is mandatory as to lost wages," and discretionary as to other damages. Joint Statement at 16 (citing Cal. Civ. Code §§ 3287–88). In response, the County cursorily asserts in one sentence—without citation to any authority—that Zhang is not entitled to prejudgment interest unless she prevails in the County's process. *Id.* at 25.

Ruling: The Court agrees with Zhang for two reasons. First, the County's cursory one-sentence argument against prejudgment interest is inadequate. "[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *E.g.*, *Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1008 (7th Cir. 2002).

Second, the law supports an award of prejudgment interest. As Zhang notes, California Civil Code § 3287(a) entitles Zhang to prejudgment interest. Specifically, the statute provides that "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, *is entitled also to recover interest thereon from that day*." *Id.* (emphasis added). Here, Zhang's California due process claim entitles her to "damages certain": backpay comprising lost wages and calculable retirement losses from (i) the date of her termination to (ii) the date of any decision by the County's process. *See* Sections II-2–3, *supra* (analyzing backpay); *Roe*, 120 Cal. App. 4th at 1042 (awarding backpay). Thus, under California Civil Code § 3287(a), Zhang is entitled to prejudgment interest starting from the day her "right to recover [] is vested." Cal. Civ. Code § 3287(a).

To calculate when her "right to recover [] is vested" and other parameters of prejudgment interest, Zhang cites *Golden State Transit Corp. v. City of Los Angeles*, 773 F. Supp. 204 (C.D. Cal. 1991). In *Golden State*, the district court thoroughly analyzed the law of prejudgment interest and determined that prejudgment interest should start (1) the date after defendant was served with the complaint, and end on (2) the date judgment is entered on the jury verdict. *Id.* at 220. Given

10
Case No. 17-CV-00007-LHK
AMENDED ORDER ON REMEDIES FOR DUE PROCESS CLAIMS

United States District Court
Northern District of California

the County's failure to propose any alternative, the Court follows *Golden State* here. If Zhang prevails at trial, she shall be entitled to prejudgment interest from (1) January 20, 2017, the date Zhang served her complaint, ECF No. 11 (proofs of service); until (2) the date judgment is entered on a verdict for Zhang.

**IT IS SO ORDERED.**

Dated: June 6, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge