UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE ZHANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MONTEREY, MONTEREY COUNTY RESOURCE MANAGEMENT AGENCY, and MONTEREY COUNTY PARKS DEPARTMENT,<br><br>　　　　Defendants. | Case No. 17-CV-00007-LHK<br><br>**ORDER RE: VICARIOUS AND RESPONDEAT SUPERIOR LIABILITY** |

Plaintiff's proposed jury instructions include an "Instruction to Vicarious Responsibility." ECF No. 149, at 76. Plaintiff argues that vicarious and respondeat superior liability are applicable to the instant case because of statements made and actions taken by Mark Mariscal ("Mariscal") and approved by Nick Chiulos ("Chiulos"). *Id.* at 79. Below, the Court briefly addresses vicarious and respondeat superior liability.

First, under Section 1983, a municipality is liable for a constitutional injury only where the municipality itself caused the injury through "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 694 (1978).

The United States Supreme Court has therefore made clear that under Section 1983, "local

1

governments are responsible only for 'their own illegal act.' They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citation omitted). Thus, "[r]espondeat superior or vicarious liability will not attach under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). To the extent that Plaintiff seeks to establish liability for the County of Monterey, Monterey County Resource Management Agency, and Monterey County Parks Department under Section 1983, Plaintiff must establish the municipality's liability directly. The Court has already outlined the bases for municipal liability. *See* ECF No. 188.

Second, Plaintiff argues that vicarious or respondeat superior liability may be used to establish that Plaintiff had an implied-in-fact contract with the County that established a property right in Plaintiff's employment. *See* ECF No. 149, at 77-78. However, the Court finds no support for that proposition.

A public employee is not entitled to due process based on deprivation of a property interest in a position unless that employee has a "legitimate claim of entitlement" to the position. *See Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). That entitlement "must be granted by state law," *Koepping v. Tri-County Metropolitan Transp. Dist. of Oregon*, 120 F.3d 998, 1005 (9th Cir. 1997), or "some other independent source." *Faurie v. Berkeley Unified School Dist.*, 2008 WL 820682, at *8 (N.D. Cal. Mar. 26, 2008). "Under California law, county charters, rules and regulations generally determine whether there is such an entitlement." *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 780-81 (9th Cir. 1997).

Thus, an "oral representation of [Plaintiff's] supervisors," "untethered to specific positive law, is insufficient to create a property interest." *Faurie*, 2008 WL 820682, at *8. "In other words, expectations based on oral representations, employment history, or positive evaluations are not sufficient to give the Plaintiff a property interest in [her] public employment." *Id.* at *9.

Accordingly, Plaintiff may not use an implied-in-fact contract claim to establish a property right in Plaintiff's position in order to state a due process claim. As such, Plaintiff has no basis to offer a theory of vicarious or respondeat superior liability to establish that Mariscal or Chiulos

2

Case No. 17-CV-00007-LHK
ORDER RE: VICARIOUS AND RESPONDEAT SUPERIOR LIABILITY

entered into a binding contract with Plaintiff. Therefore, Plaintiff may not offer such a theory at trial.

Moreover, in order for Plaintiff to establish a "legitimate claim of entitlement" to her position with the County through Mariscal or Chiulos, Plaintiff must demonstrate that Plaintiff's entitlement was granted by "state law," *Koepping*, 120 F.3d at 1005, or "some other independent source." *Faurie*, 2008 WL 820682, at *8. Accordingly, in order for statements or actions by Mariscal or Chiulos to have the effect of creating a "legitimate claim of entitlement" in Plaintiff's position, Mariscal or Chiulos' action must have been authorized or given legal force by a state law or other statute or regulation. *See Weisbuch*, 119 F.3d at 780-81 ("Under California law, county charters, rules and regulations generally determine whether there is such an entitlement.").

Plaintiff argues that Mariscal's statement and actions are sufficient to create a "legitimate claim of entitlement" because Mariscal was an "Appointing Authority" for the County under the Monterey County Policies and Procedures. ECF No. 149, at 79. Plaintiff further argues that as an Appointing Authority, Mariscal had the authority to make Plaintiff a permanent employee through his statement and actions. *Id.* However, beyond quoting a single sentence from the Monterey County Policies and Procedures, Plaintiff has not produced evidence that Mariscal had the requisite authority to alter Plaintiff's employment status through his statements or actions and thereby create a "legitimate claim of entitlement" to Plaintiff's position. Furthermore, Plaintiff fails to cite any state law or other statute or regulation that gave legal force to the actions of Mariscal or Chiulos. Thus, Plaintiff has failed to establish a "legitimate claim of entitlement" to her position with the County through Mariscal or Chiulos.

Accordingly, vicarious or respondeat superior liability do not apply, and Plaintiff may not offer either theory at trial.

**IT IS SO ORDERED.**

Dated: June 6, 2021

LUCY H. KOH
United States District Judge

3
Case No. 17-CV-00007-LHK
ORDER RE: VICARIOUS AND RESPONDEAT SUPERIOR LIABILITY