UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE ZHANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MONTEREY, MONTEREY COUNTY RESOURCE MANAGEMENT AGENCY, and MONTEREY COUNTY PARKS DEPARTMENT,<br><br>　　　　Defendants. | Case No. 17-CV-00007-LHK<br><br>**ORDER RE: ELEMENTS OF DUE PROCESS CLAIMS** |

Plaintiff Jacqueline Zhang ("Plaintiff") sues Defendants County of Monterey, Monterey County Parks Department, and Monterey County Resource Management Agency (collectively, "the County") for causes of action arising out of the County's termination of Plaintiff's employment with the County. Two of Plaintiff's causes of action will be tried by a jury: (1) Plaintiff's fourth cause of action for deprivation of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution, brought pursuant to 42 U.S.C. § 1983, and (2) Plaintiff's sixth cause of action for deprivation of property without due
1

Case No. 17-CV-00007-LHK
ORDER RE: ELEMENTS OF DUE PROCESS CLAIMS

process of law in violation of Article I, Section 7 of the California Constitution.[1] For the benefit of the parties, the Court sets forth the elements for the causes of action to be tried.

# I. DISCUSSION

The Court discusses in turn each of the causes of action to be tried: (1) Plaintiff's due process claim under the United States Constitution, and (2) Plaintiff's due process claim under the California Constitution.

## A. Plaintiff's Due Process Claim under the United States Constitution

Generally, to bring a federal due process claim, the plaintiff must show: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998). In a case brought by a discharged employee, the employee must show: (1) the deprivation of a property right in continued employment, and (2) the denial of appropriate procedural protections during termination. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 542 (1985).

Accordingly, first, Plaintiff must show that she was deprived of a property right in her continued employment. To show that she was deprived of a property interest in her employment, Plaintiff must show that she was a permanent employee and could be dismissed only for cause. "Public employees who may be dismissed only for cause possess a property interest in their continued employment." *Walls v. Cent. Contra Costa Transit Auth.*, 653 F.3d 963, 968 (9th Cir. 2011); *Dorr v. Butte County*, 795 F.2d 875, 876 (9th Cir. 1986) (citations omitted) ("[A] 'permanent employee,' dismissible only for cause, has a property interest in [her] continued employment which is protected by due process."). However, employees who can be dismissed with or without cause do not have a protected property interest in their employment. *See Walls*, 653 F.3d at 968; *Dorr*, 795 F.2d at 876 (stating that "a probationary (or nontenured) civil service employee, at least ordinarily, may be dismissed without a hearing or judicially cognizable good cause").

---

[1] Plaintiff's one remaining cause of action, Plaintiff's petition for writ of mandate under California Code of Civil Procedure § 1085, will be judicially adjudicated. *See* ECF No. 187.

A public employee is not entitled to due process based on deprivation of a property interest in a position unless that employee has a "legitimate claim of entitlement" to the position. *See Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). That entitlement "must be granted by state law," *Koepping v. Tri-County Metropolitan Transp. Dist. of Oregon*, 120 F.3d 998, 1005 (9th Cir. 1997), or "some other independent source." *Faurie v. Berkeley Unified School Dist.*, 2008 WL 820682, at *8 (N.D. Cal. Mar. 26, 2008). "Under California law, county charters, rules and regulations generally determine whether there is such an entitlement." *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 780-81 (9th Cir. 1997). Thus, an "oral representation of [Plaintiff's] supervisors," "untethered to specific positive law, is insufficient to create a property interest." *Faurie*, 2008 WL 820682, at *8. "In other words, expectations based on oral representations, employment history, or positive evaluations are not sufficient to give the Plaintiff a property interest in [her] public employment." *Id.* at *9. Accordingly, Plaintiff may not use an implied-in-fact contract claim to establish that she had a property right in her position. In addition, Plaintiff must show that she was deprived of the protected property interest in her employment, such as by being discharged.

Second, Plaintiff must show that she was denied adequate procedural protections. *Brewster*, 149 F.3d at 982; *Loudermill*, 470 U.S. at 538. "Due process requires that any deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Wall*, 653 F.3d at 968 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). The United States Supreme Court has held that due process "requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Loudermill*, 470 U.S. at 542 (quoting Roth, 408 U.S. at 569–70); *see also Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 332 (9th Cir. 1995) (holding that "the denial of a pre-termination hearing is a constitutional violation sufficient to support damages"). "[T]he pretermination 'hearing,' though necessary, need not be elaborate." *Loudermill*, 470 U.S. at 545. A permanent public employee must receive "oral or written notice of the charges against him, an explanation of the employer's evidence, and an

3

opportunity to present his side of the story." *Id.* at 546. Furthermore, the employee must also receive a full post-termination hearing. *Id.* at 546–47 & n.12.

Finally, because Plaintiff is bringing her due process claim pursuant to 42 U.S.C. § 1983, Plaintiff must show municipal liability under the United States Supreme Court's decision in *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). In the Court's June 4, 2021 Order re: *Monell* liability, the Court explained what Plaintiff must establish to show municipal liability. ECF No. 188. Specifically, the Court held that Plaintiff must show one of the following three bases for municipal liability: (1) "a municipal employee committed a constitutional violation pursuant to an expressly adopted official policy or a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity"; (2) the decision-making official was a final policymaking authority; or (3) an official with final policymaking authority either delegated the authority to, or ratified the decision of, a subordinate. *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002) (quotation omitted).

### B. Plaintiff's Due Process Claim under the California Constitution

A due process claim under Article I, Section 7 of the California Constitution requires: (1) the deprivation of a protected property or liberty interest, and (2) the denial of adequate procedural protections. *See Skelly*, 15 Cal.3d at 206, 208 (considering whether the discharged employee had a property interest in his employment and whether the discharged employee received adequate procedural safeguards).

Accordingly, first, Plaintiff must show that she was deprived of a protected property interest. In order to show that she had a property interest in her employment, Plaintiff must show that she was a permanent employee, not a probationary employee. "The California civil service employment scheme confers upon permanent employees 'a property interest in the continuation of [their] employment which is protected by due process.'" *Roe v. State Personnel Bd.*, 120 Cal. App. 4th 1029, 1040 (2004) (quoting Skelly, 15 Cal. 3d at 206). By contrast, in California, non-permanent employees "serve at the will of the employer and therefore do not possess any property interest in their continued employment." *Mendoza v. Regents of University of California*, 78 Cal.

4

Case No. 17-CV-00007-LHK
ORDER RE: ELEMENTS OF DUE PROCESS CLAIMS

App. 3d 168, 173 (1978); *accord Walls*, 653 F.3d at 968 (stating that non-permanent employees in California can be terminated at any time subject only to the limits of public policy). In addition, Plaintiff must show that she was deprived of the protected property interest in her employment, such as by being discharged.

Next, Plaintiff must show that she was deprived of adequate procedural protections. The California Constitution requires that "the employee be accorded certain procedural rights before" removal. *Skelly*, 15 Cal.3d at 215 (Cal. 1975). Specifically, a discharged employee must receive "notice of the proposed action, the reasons therefor, a copy of the charges and materials upon which the action is based, and the right to respond, either orally or in writing, to the authority initially imposing discipline." *Id.* The employee must have a meaningful opportunity to respond to the notice of the proposed action. *Kempland v. Regents of University of California*, 155 Cal. App. 3d 644, 649–50 (1984) (concluding that employee's due process rights were violated because the employee's written response to the notice of intention to dismiss was not considered before he was terminated). In addition to these pretermination procedural rights, "[a] public employee is entitled to a full evidentiary hearing after the disciplinary action is imposed." *Duncan v. Dep't of Personnel Admin.*, 77 Cal. App. 4th 1166, 1176 (2000); *see also Skelly*, 15 Cal. 3d at 215 (holding that "due process does not require the state to provide the employee with a full trial-type evidentiary hearing prior to the initial taking of punitive action").

**IT IS SO ORDERED.**

Dated: June 6, 2021

/s/ Lucy H. Koh
LUCY H. KOH
United States District Judge