United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE ZHANG,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF MONTEREY, MONTEREY COUNTY RESOURCE MANAGEMENT AGENCY, and MONTEREY COUNTY PARKS DEPARTMENT,<br><br>    Defendants. | Case No. 17-CV-00007-LHK<br><br>**ORDER RE: DEFENDANTS' OBJECTION TO PLAINTIFF'S DESIGNATIONS OF DEPOSITION TRANSCRIPTS AND WRITTEN DISCOVERY AND PLAINTIFF'S ERRATA DESIGNATION**<br><br>Re: Dkt. No. 158 |

As Defendants' May 28, 2021 Objection, ECF No. 158, notes, Plaintiff's May 24, 2021 Designation of Deposition Transcripts and Written Discovery ("Designation"), ECF No. 148, and Plaintiff's May 25, 2021 Errata Designation ("Errata"), ECF No. 151, violate this Court's Guidelines for Final Pretrial Conferences in Jury Trials in multiple ways. The Court's Guidelines state as follows:

> At least 14 days before trial, the parties shall file and serve any excerpts of deposition testimony or other discovery to be offered at trial, other than solely for impeachment or rebuttal. (A hard copy of the designated deposition testimony with page and line references, or the interrogatory response or admission shall be provided.)

1

Plaintiff's Designation failed to provide any line references for Plaintiff's 172 pages of designated deposition testimony. Plaintiff's Designation failed to identify any excerpts of the 81 pages of interrogatory responses or written responses to document production requests. Plaintiff's Designation failed to provide a hard copy of the designated deposition testimony, the interrogatory responses, or the written responses to document production requests.

Plaintiff's Errata was untimely. Plaintiff's Errata included 172 pages of deposition testimony, but failed to designate any line references. Plaintiff's Errata included 31 pages of interrogatory responses and 50 pages of written responses to document production requests, but failed to identify any excerpt of these documents to be offered at trial. ECF No. 151 Exhs. D, E. In total, Plaintiff's Errata designated 260 pages of deposition transcripts and written discovery responses and failed to identify any excerpts to be offered at trial.

Despite Defendant's Objection, Plaintiff has failed to cure these deficiencies in the last two weeks. Conceding her failure to comply with the Court's Guidelines, Plaintiff's May 31, 2021 Response to Defendant's Objection states: "If the Court feels that the Interrogatories should not be presented in Plaintiff's case in chief due to this error, Plaintiff can reserve reliance on them to the cross examination and rebuttal if needed." ECF No. 165. Because of Plaintiff's failure to comply with the Court's Guidelines, the Court precludes Plaintiff from introducing or presenting Defendants' interrogatory responses or written document production responses in Plaintiff's case in chief.

As to deposition transcripts, Plaintiff's May 31, 2021 Response to Defendant's Objection claims that Plaintiff will read all 172 pages of deposition transcripts in their entirety despite a 7 hour time limit on Plaintiff's trial evidence, which consists of both direct and cross examinations of all witnesses. The Court finds that Plaintiff's claim strains credulity. Plaintiff is required to file page and line references for her designated deposition testimony by 1 p.m. on June 7, 2021 or Plaintiff will be precluded from presenting such deposition testimony in Plaintiff's case in chief. Plaintiff's case in chief is expected to begin in the afternoon of June 7, 2021, so Plaintiff should

know what designated deposition testimony excerpts she intends to offer at trial.

Defendants' Objection additionally contends that Plaintiff cannot introduce deposition transcript testimony for Mark Mariscal or John Guertin because they are not parties to the litigation, neither of them was employed by the County at the time of their deposition, and both will be available to testify at trial. *Id.* at 3. Federal Rule of Civil Procedure 32 provides that a deposition may be used against a party on three conditions: (1) "the party was present or represented at the taking of the deposition or had reasonable notice of it"; (2) "it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying"; and (3) "the use is allowed by Rule 32(a)(2) through (8)." Fed. R. Civ. P. 32(a)(1).

As to Guertin, Plaintiff contends that she may rely on Guertin's deposition transcript as a deposition of a party under Rule 32(a)(3) or as an admission of a party pursuant to Federal Rule of Evidence 801(d)(2)(A) or (C). ECF No. 165 at 3. However, Guertin is not a party to this litigation. Furthermore, when Guertin was deposed, he was no longer working for the County. Thus, Plaintiff may not rely on Guertin's deposition transcript as a deposition of a party under Rule 32(a)(3) or as an admission of a party pursuant to Federal Rule of Evidence 801(d)(2)(A) or (C). Accordingly, Plaintiff may rely on Guertin's deposition testimony only for purposes of impeachment. *See* Fed. R. Civ. P. 32(a)(2) ("Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence."). The Court will issue a separate order as to Mariscal.

**IT IS SO ORDERED.**

Dated: June 6, 2021

_____
LUCY H. KOH
United States District Judge

3
Case No. 17-CV-00007-LHK
ORDER RE: DEFENDANTS' OBJECTION TO PLAINTIFF'S DESIGNATION OF DEPOSITION TRANSCRIPTS AND WRITTEN DISCOVERY AND PLAINTIFF'S ERRATA DESIGNATION