United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE ZHANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MONTEREY, MONTEREY COUNTY RESOURCE MANAGEMENT AGENCY, and MONTEREY COUNTY PARKS DEPARTMENT,<br><br>　　　　Defendants. | Case No. 17-CV-00007-LHK<br><br>**ORDER SUSTAINING DEFENDANTS' OBJECTION TO PLAINTIFF'S DESIGNATIONS OF MARISCAL DEPOSITION TRANSCRIPT**<br><br>Re: Dkt. No. 158 |

In Defendants' Objection to Plaintiff's designation of deposition transcripts, Defendants contend that Plaintiff cannot introduce deposition transcript testimony for Mark Mariscal ("Mariscal") because Mariscal is not a party to the litigation, Mariscal was not employed by the County at the time of his deposition, and Mariscal will be available to testify at trial. ECF No. 158 at 3.

Federal Rule of Civil Procedure 32 provides that a deposition may be used against a party on three conditions: (1) "the party was present or represented at the taking of the deposition or had reasonable notice of it"; (2) "it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying"; and (3) "the use is allowed by Rule

1
Case No. 17-CV-00007-LHK
ORDER SUSTAINING DEFENDANTS' OBJECTION TO PLAINTIFF'S DESIGNATIONS OF MARISCAL DEPOSITION TRANSCRIPT

32(a)(2) through (8)." Fed. R. Civ. P. 32(a)(1).

Plaintiff contends that Plaintiff may rely upon Mariscal's deposition transcript for two reasons. First, Plaintiff contends that she may rely on Mariscal's deposition transcript as a deposition for an unavailable witness under Rule 32(a)(4). ECF No. 165 at 1–2. Rule 32(a)(4) provides, in relevant part, that a party may use the deposition of a witness if the Court finds "that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4). Plaintiff contends that Mariscal resides in Southern California, which is more than 100 miles from the place of the trial in San Jose, California. However, the parties' joint witness list reflects that Mariscal will testify at trial remotely. ECF No. 145. Mariscal's testimony will be live, and Mariscal will be subject to cross-examination.

The Court notes that Mariscal is appearing remotely during the COVID-19 pandemic. The San Jose courthouse, where trial will occur, is located in Santa Clara County. In Santa Clara County, as of June 6, 2021, there have been 119,553 confirmed COVID-19 cases, and 2,143 people have died from COVID-19. Johns Hopkins University, *COVID-19 Status Report*, *available at* https://bao.arcgis.com/covid-19/jhu/county/06085.html. Furthermore, of the jurors who completed the jury questionnaire and have been summoned for jury selection in the instant case, over 50% stated that they were concerned about getting sick with COVID-19 if called to serve as a juror, and slightly under 50% stated that they were uncomfortable being in a very large courtroom with 20-30 people. *See* ECF No. 190.

In order to prevent spread of COVID-19, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act authorizes federal courts to hold criminal proceedings remotely as long as the Court makes certain findings. *See* H.R. 748 § 15002(b)(2). Moreover, General Order 72-6 provides that court proceedings should be held via telephone or videoconference with a limited number of exceptions. *See* Gen. Order 72-6.

The Court notes that 5 out of 18 witnesses in the instant case are testifying remotely,

2

Case No. 17-CV-00007-LHK
ORDER SUSTAINING DEFENDANTS' OBJECTION TO PLAINTIFF'S DESIGNATIONS OF MARISCAL DEPOSITION TRANSCRIPT

1 including one of Plaintiff's witnesses. *See* ECF No. 145. These witnesses are testifying live and

2 will be subject to cross-examination. Accordingly, the Court concludes that these witnesses are not

3 unavailable under Rule 32(a)(4). Thus, Mariscal is not unavailable under Federal Rule of Civil

4 Procedure 32(a)(4). *See Rubio v. Smith*, 114 F.3d 1195 (9th Cir. 1997) (noting that "[t]he right to

5 cross-examination is fundamental to the trial process"); *see also United States v. Swisher*, 360 F.

6 App'x 784, 786 (9th Cir. 2009) (affirming district court's ruling to allow witness to testify by

7 phone).

8 Second, Plaintiff contends that she may rely upon Mariscal's deposition transcript as a

9 deposition of a party under Rule 32(a)(3) or as an admission of a party pursuant to Federal Rule of

10 Evidence 801(d)(2)(A) or (C). ECF No. 165 at 2–3. Rule 32(a)(3) provides that "[a]n adverse

11 party may use for any purpose the deposition of a party or anyone who, *when deposed*, was the

12 party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R.

13 Civ. P. 32(a)(3) (emphasis added). Mariscal himself is not a party to this litigation. Moreover,

14 when Mariscal was deposed, he was no longer working for the County. Accordingly, he was not

15 the County's "officer, director, managing agent, or designee." Fed. R. Civ. P. 32(a)(3). For the

16 same reason, Mariscal's deposition testimony was not an admission of a party pursuant to Federal

17 Rule of Evidence 801(d)(2)(A) or (C). Thus, Plaintiff may not rely on Mariscal's deposition

18 transcript as a deposition of a party under Rule 32(a)(3) or as an admission of a party pursuant to

19 Federal Rule of Evidence 801(d)(2)(A) or (C).

20 Accordingly, Defendants' Objection to Plaintiff's designations of Mariscal's deposition

21 transcript is SUSTAINED.

22 **IT IS SO ORDERED.**

23

24 Dated: June 7, 2021

25 _____
LUCY H. KOH
26 United States District Judge

27

3

28 Case No. 17-CV-00007-LHK
ORDER SUSTAINING DEFENDANTS' OBJECTION TO PLAINTIFF'S DESIGNATIONS OF MARISCAL
DEPOSITION TRANSCRIPT