UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| JACQUELINE ZHANG, | Case No. 17-CV-00007-LHK |
|---|---|
| Plaintiff, | **ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REMEDIES ORDER AND DUE PROCESS ELEMENTS ORDER** |
| v. | |
| COUNTY OF MONTEREY, MONTEREY COUNTY RESOURCE MANAGEMENT AGENCY, and MONTEREY COUNTY PARKS DEPARTMENT, | Re: Dkt. Nos. 194, 196, 208 |
| Defendants. | |

The Court issued rulings on all the parties' motions in limine on May 4, 2021. ECF No. 128. The Court issued a Pretrial Conference Order on May 6, 2021, the date of the Pretrial Conference. ECF No. 133. The parties have multiplied their disputes and engaged in voluminous briefing after the Court's rulings on the motions in limine and after the Pretrial Conference Order.

The parties have had countless opportunities to brief the elements and remedies of Plaintiff's due process claims.[1] Below the Court names a few:

- Joint Pretrial Statement, ECF No. 106

---

[1] Similarly, the parties have had ample opportunity to brief the petition for writ of mandate, which will be judicially adjudicated. *See e.g*, ECF Nos. 125, 127, 131, 137, 141, and 142.

1
Case No. 17-CV-00007-LHK
ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REMEDIES ORDER AND DUE PROCESS ELEMENTS ORDER

- Parties' Trial Briefs, ECF Nos. 161 & 163
- Joint Statement Regarding Available Remedies, ECF No. 143
- Plaintiff's Response to Defendant's Objections re Monell, ECF No. 167
- Plaintiff's Objection to Order re Vicarious and Respondeat Superior Liability, ECF No. 197
- Plaintiff's Errata Objection to Order re Vicarious and Respondeat Superior Liability, ECF No. 198
- Parties' Joint Proposed Jury Verdict Form and Objections to Proposed Jury Verdict Forms, ECF No. 154
- Parties' Revised Joint Proposed Jury Instructions, ECF No. 149
- Plaintiff's Objections to Defendant's Statement of Affirmative Defenses and Related Jury Instructions, ECF No. 150
- Defendant's Objection to Plaintiff's Objections to Joint Proposed Jury Instructions, ECF No. 152
- Plaintiff's Response to Defendant's Objection re: Joint Jury Instructions, ECF No. 155, accompanied by 93 page Declaration of Plaintiff's Counsel, ECF No. 155-1
- Defendant's Response to Plaintiff's Objections to Defendant's Statement of Affirmative Defenses and Related Jury Instructions and Portion of Plaintiff's Response to Defendant's Objection re: Joint Jury Instructions, ECF No. 159
- Defendant's Reply to Plaintiff's Response to Defendant's Objection re: Joint Jury Instructions, ECF No. 160
- Plaintiff's Objection and Request for Determination of Facts, ECF No. 162
- Defendant's Response to Plaintiff's Objection and Request for Determination of Facts, ECF No. 164
- Plaintiff's Reply in Support of Request for Judicial Determination of Facts, ECF No. 168

- Joint Proposed Jury Instructions, ECF No. 116
- Plaintiff's Proposed Jury Instructions and Form of Verdict, ECF No. 120
- Defendant's Proposed Jury Instructions and Verdict Form; Objections to Plaintiff's Proposed Jury Instructions and Verdict Forms, ECF No. 118

Because of the multiplicity of disputes after the Pretrial Conference, the Court has had to issue the following orders to name a few:

- Order Granting Request for Judicial Adjudication of Petition for Writ of Mandating and Denying Request to Decline Supplemental Jurisdiction, ECF No. 187
- Order re: Monell Liability, ECF No. 188
- Order re: Remedies for Due Process Claims, ECF No. 194 ("Remedies Order")
- Order re: Vicarious and Respondeat Superior Liability, ECF No. 195
- Order re: Elements of Due Process Claims, ECF No. 196 ("Elements Order")
- Order re: Plaintiff's Objection to Order re: Vicarious and Respondeat Superior Liability, ECF No. 199
- Order re: Defendants' Objection to Plaintiff's Designations of Deposition Transcripts and Written Discovery and Plaintiff's Errata Designation, ECF No. 200
- Order Sustaining Defendants' Objection to Plaintiff's Designations of Mariscal Deposition Transcript, ECF No. 202

Despite the countless opportunities to brief the elements of the due process causes of action and remedies, Plaintiff filed objections to the Court's Remedies Order and Elements Order and requested an opportunity to present yet additional authority. ECF No. 208. This filing is but one of Plaintiff's many objections to orders that the Court has already issued. *See, e.g.*, ECF Nos. 197, 198. These objections are procedurally improper. Similarly, during trial Plaintiff's Counsel asserts objections on the record to nearly every Court evidentiary ruling. To object to the Court's

rulings, Plaintiff may appeal to the U.S. Court of Appeals for the Ninth Circuit if Plaintiff is unsatisfied with any verdict after trial.

The Court has considered the full record—including all the parties' filings—in issuing its orders. Every order of the Court is not an invitation to file yet another brief objecting to the Court's order. The parties have approximately five and half hours left of evidence in the trial. It is time to present this case to the jury for closing arguments and deliberations.

Even though Plaintiff's Objections were procedurally improper, ECF No. 208, the Court nonetheless addresses them below.

### Remedies Order

Plaintiff's objections to the Remedies Order are meritless and misleading. Plaintiff relies on an incomplete block-quote from *Carey v. Piphus*, 435 U.S. 247, 266 (1978), to argue that Plaintiff is entitled to lost wages "regardless of the eventual outcome of some possible later hearing." ECF No. 208 at 2.

*Carey* held precisely the opposite. *Carey* held that if the plaintiffs' "suspensions were justified, [plaintiffs] nevertheless will be entitled to recover *nominal damages not to exceed one dollar*." *Carey*, 435 U.S. at 267 (emphasis added). Plaintiff conveniently omits this holding from her block quote, which is a conspicuously incomplete sentence. Below, the Court quotes *Carey* and bolds the sentence fragment that Zhang selectively quoted:

> **Because the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed**, we believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury. We therefore hold that if, upon remand, the District Court determines that [plaintiffs'] suspensions were justified, [plaintiffs] nevertheless will be entitled to recover nominal damages not to exceed one dollar from petitioners.

*Id.* at 266–67 (citations and footnote omitted) (Plaintiff's selective quotation bolded).

Indeed, the Comment to Ninth Circuit's Model Civil Jury Instruction No. 9.2 confirms that Plaintiff mischaracterized *Carey*. Citing *Carey*, the Comment provides that "when deprivation of a

4

Case No. 17-CV-00007-LHK
ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REMEDIES ORDER AND DUE PROCESS ELEMENTS ORDER

protected interest is substantively justified but the procedures were deficient, a plaintiff must show injury from the denial of procedural due process itself *and cannot recover damages from the justified deprivation*." Ninth Circuit Jury Instructions Committee, *Manual of Model Civil Jury Instructions* at 125 (updated March 2021) (emphasis added).

Plaintiff also fails to distinguish *Raditch v. United States*, 929 F.2d 478 (9th Cir. 1991). Contrary to Plaintiff's assertion, *Raditch*'s holding was not limited to workers' compensation cases. Rather, *Raditch*'s holding applied to 42 U.S.C. § 1983 cases like Plaintiff's. "[I]n § 1983 cases, a plaintiff can recover compensatory damages for a proven due process violation only if the deprivation was unjustified on the merits. If, after postdeprivation procedure, it is determined that the deprivation was justified, a plaintiff can recover only nominal damages for the due process violation." *Id.* at 482 n.5.

In any event, federal courts also reach the same conclusion in employment cases alleging violations of federal procedural due process. As the Fifth Circuit has held, "[i]f the defendants can prove that [plaintiff] would have been dismissed [] absent procedural defects, then she will not be entitled to recover for lost back pay. If, however, the defendants fail to prove that [plaintiff] would have been dismissed [] absent procedural defects, [plaintiff] will be entitled to back pay from [the date of dismissal] until [the date plaintiff received due process]." *Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cty., Tex.*, 752 F.2d 1063, 1071–72 (5th Cir. 1985). Courts in this district have held the same. *See, e.g.*, *Collier v. Windsor Fire Prot. Dist. Bd. of Directors*, No. 08-CV-02582-PJH, 2011 WL 4635036, at *7 (N.D. Cal. Oct. 6, 2011) (conditioning backpay on outcome of later hearing); *Walls v. Cent. Contra Costa Transit Auth.*, No. 08-CV-0224-PJH, 2012 WL 581362, at *5 (N.D. Cal. Feb. 22, 2012) (same). Accordingly, the Court OVERRULES Plaintiff's objections to the Remedies Order.

**Elements Order**

As to the Elements Order, Plaintiff argues she can derive a property interest in her employment as a government employee from a contract, express or implied. Ninth Circuit and

5

Case No. 17-CV-00007-LHK
ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REMEDIES ORDER AND DUE PROCESS ELEMENTS ORDER

California precedent forecloses Plaintiff's argument. Ninth Circuit precedent (cited in the Elements Order at 3) specifically provides that:

> A government employee is not entitled to due process based on deprivation of property, when removed from a position, unless the employee has "a legitimate claim of entitlement" to the position. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). The position holder needs "an individual entitlement grounded in state law, which cannot be removed except 'for cause,'" *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982), in order to establish a deprivation of due process. Under California law, county charters, rules and regulations generally determine whether there is such an entitlement. Cal. Const. art. 11, § 4(f); *American Fed'n of State, County & Mun. Employees Local 685 v. Los Angeles County*, 194 Cal. Rptr. 540, 546 (Ct. App. 1983).

*Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 780–81 (9th Cir. 1997); *accord Faurie v. Berkeley Unified School Dist.*, 2008 WL 820682, at *8–9 (N.D. Cal. Mar. 26, 2008) (holding same and collecting cases).

California precedent confirms that, as to public employment in California, "the extent of the protected interest or entitlement (*i.e.*, the terms and conditions of employment) is governed purely by statute." *Am. Fed'n of State etc. Emps.*, 194 Cal. Rptr. at 546. In other words, employees' "remedies, if any, [are] confined to those provided by statute or ordinance." *Kim v. Regents of Univ. of California*, 80 Cal. App. 4th 160, 164 (Ct. App. 2000) (quoting *Hill v. City of Long Beach*, 33 Cal. App. 4th 1684, 1690 (Ct. App. 1995)). Thus, California's public employees "cannot state a cause of action for breach of contract or breach of the implied covenant of good faith and fair dealing." *Kim v. Regents of Univ. of California*, 80 Cal. App. 4th 160, 164 (Ct. App. 2000). Accordingly, the Court OVERRULES Plaintiff's objections to the Elements Order.

**IT IS SO ORDERED.**

Dated: June 8, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

6
Case No. 17-CV-00007-LHK
ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REMEDIES ORDER AND DUE PROCESS ELEMENTS ORDER